949 So.2d 488 (2006)
STATE of Louisiana
v.
Jerry BELLOW.
No. 06-KA-431.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 2006.
*489 Harry J. Morel, Jr., District Attorney, Kim McElwee, Assistant District Attorney, Hahnville, Louisiana, for Plaintiff/Appellee.
Bruce G. Whittaker, Attorney at Law, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
The Defendant, Jerry Bellow, appeals from his convictions of five felonies: vehicular homicide, a violation of La.R.S. 14:32.1; two counts of vehicular negligent injuring, violations of R.S. 14:39.2; operating a vehicle while intoxicated (DWI)  fourth offense or greater, a violation of R.S. 14:98; and hit-and-run driving after having been convicted of DWI at least twice within the preceding ten years, a violation of R.S. 14:100 C. We dismiss the appeal, and remand.
The Defendant was initially charged in October of 2004. After various proceedings, on August 15, 2004, the State filed a fourth amended bill of information. The Defendant was tried by a six-person jury on August 15 and 16, 2005. The jury found the Defendant guilty on all counts.
On December 13, 2005, the Defendant filed a Motion for New Trial. The trial judge heard arguments on the motion that day, and denied it. The Defendant waived the statutory delay, and the trial judge sentenced him to thirty years at hard labor on the vehicular homicide charge, "at least five years" of which would be served without benefit of parole, probation, or suspension of sentence. He was sentenced to five years at hard labor on each of two counts of first degree vehicular negligent injuring, to run concurrently with the sentences on the vehicular homicide conviction, and a two thousand dollar fine on each count. On the DWI  fourth offense conviction, the Defendant was sentenced to thirty years at hard labor to run concurrently with the sentence for his conviction of vehicular homicide, plus a five thousand dollar fine. On the hit-and-run driving conviction, the trial judge sentenced the Defendant to, ten years at hard labor, to run consecutively to the vehicular homicide conviction. The trial judge noted the Defendant's objection to the sentence for excessiveness.
On January 17, 2006, the Defendant filed a Motion for Reconsideration of Sentence. The trial judge denied the motion on January 25, 2006. The Defendant filed a Motion for Appeal on February 21, 2006, and the motion was granted on February 27, 2006.
PROCEDURAL IRREGULARITY
The Defendant's appeal is untimely. La.C.Cr.P. art. 914 provides that a motion for appeal may be made either orally or in writing, and shall be made no later than thirty days from the rendition of the judgment being appealed, or from the ruling on a motion to reconsider sentence filed pursuant to La.C.Cr.P. art. 881.1. La.C.Cr.P. art. 881.1 A(1) provides that in felony cases, the state or the defendant may file a motion to reconsider sentence "within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence."
Generally, after time for appealing has run, a conviction and sentence are no longer subject to review under ordinary appellate process. In that instance, a defendant *490 must seek reinstatement of his appeal rights by filing an application for post-conviction relief requesting an out-of-time appeal. State v. Counterman, 475 So.2d 336, 339 (La.1985). This is not because the trial court has been divested of jurisdiction, but because the conviction and sentence became final when the time for appealing elapsed.
In this case, the Defendant had until January 12, 2006 to file an appeal or to file a Motion to Reconsider Sentence. Defendant did not make an oral motion for appeal on the day of the sentencing, but he did not appeal within 30 days, choosing instead to file a Motion to Reconsider Sentence. However, that motion was not filed within 30 days of the sentencing either, and the record reflects that the trial judge did not grant any extensions of time to file the motion. Although the Defendant was timely in subsequently filing his motion for the appeal within thirty days of the denial of his Motion to Reconsider Sentence, by that time his conviction and sentence had become final.
Nevertheless, the Defendant is entitled to file a post-conviction relief application to obtain an out of time appeal, and we customarily remand a dismissed appeal for this purpose. See: State v. Jupiter, 05-869, p. 4 (La.App. 5th Cir.2/3/06), 922 So.2d 1245, 1247; and State v. Gray, 04-1272, p. 3 (La.App. 5th Cir.4/26/05), 902 So.2d 1060, 1061.
Accordingly, the appeal is hereby dismissed. The case is remanded to allow the Defendant to seek reinstatement of his appellate rights by filing an application for post-conviction relief.
APPEAL DISMISSED; CASE REMANDED.