951 So.2d 1154 (2007)
STATE of Louisiana
v.
Claire G. ROBERTS.
No. 06-KA-678.
Court of Appeal of Louisiana, Fifth Circuit.
January 18, 2007.
*1155 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Martin E. Regan, Jr., Karla M. Baker, Regan & Associates, P.L.C., New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and CLARENCE E. McMANUS.
THOMAS F. DALEY, Judge.
Defendant Claire Roberts appeals a judgment that set forth the amount of restitution she is obligated to pay. For the reasons that follow, we find that her appeal of this judgment is untimely, and hereby dismiss the appeal, finding that Roberts' remedy is to file an application for post conviction relief in the district court, seeking reinstatement of her appeal rights, as per State v. Counterman, 475 So.2d 336, (La.1985).
Claire Roberts was charged in a bill of information on July 30, 2002 with twelve counts of theft of currency ranging from $16,000 to $43,000 in violation of LSA-R.S. 14:67 and one count of insurance fraud in violation of LSA-R.S. 22:1243.[1] She initially pled not guilty but later withdrew her not guilty plea and pled guilty as charged to all thirteen counts. On the same day as her plea, September 13, 2004, defendant was sentenced, which included being ordered to pay restitution.
A hearing to set restitution was held on January 13, 2005. Counsel for defendant objected on the record to the amount set in the hearing. The trial court set a status hearing on the restitution payments for September 15, 2005, which was heard on January 11, 2006 due to Hurricane Katrina.
At that status hearing, defendant challenged the trial court's previous January 13, 2005 ruling setting the amount of restitution and determination that the defendant was solidarily liable for the entire amount.[2] The trial court stated that it had previously set restitution and that defendant could have appealed the amount at the time but did not do so. Defendant's objection was noted for the record. The trial court offered to allow defendant to withdraw her guilty plea, but she declined.
*1156 Thereafter, on January 13, 2006, defendant filed a Motion for New Trial, arguing that the trial court erred in setting restitution in an amount over $90,000.[3] She asserted other errors as well. A hearing on the Motion for New Trial was held on April 27, 2006. Defense counsel stated that the general basis of the Motion was to determine the proper sum of restitution owed by defendant. The trial court denied the Motion.
On February 8, 2006, between filing her Motion for New Trial and the hearing, defendant filed a Motion for Appeal. The appeal was lodged in this court on September 22, 2006. On November 22, 2006, the State of Louisiana, appellee, filed a Motion to Dismiss Defendant's appeal as untimely.
This court agrees with the State that the record reflects that this appeal is untimely. The time delays for filing appeals are set forth in LSA-C.Cr.P. art. 914, which provides that a motion for appeal must be made no later than 30 days after the rendition of the judgment or ruling from which the appeal is taken or from the ruling on a motion to reconsider sentence filed pursuant to LSA-C.Cr.P. art. 881.1.
Here, defendant pled guilty and the amount of restitution was set at a hearing held on January 13, 2005. In State v. Peters, 611 So.2d 191 (La.App. 5 Cir.1992), this court found that the setting of the amount of restitution is a judgment that imposes sentence under LSA-C.Cr.P. art. 912(C)(1) and, therefore, is an appealable judgment. See also State v. Lewis, 01-490 (La.App. 5 Cir. 10/30/01), 800 So.2d 1032, (the amount of restitution is a matter for review on appeal).
Based on the foregoing, defendant's conviction and sentence became final when defendant failed to make a timely motion for appeal or a timely motion to reconsider sentence from the judgment setting the amount of restitution for which defendant was liable. Defendant had thirty days from January 13, 2005 in which to seek appeal from the judgment setting the amount of restitution. Defendant's Motion for New Trial, filed one year later on January 13, 2006, was untimely.[4]
A defendant who has failed to timely appeal may seek reinstatement of his right to appeal through an application for post conviction relief. A defendant has two years from the date of judgment of conviction and sentence has become final to file an application for post conviction relief, unless certain exceptions apply. LSA-C.Cr.P. art. 930.8.
Here, defendant's conviction and sentence became final on February 12, 2005. Thus, under LSA-C.Cr.P. art. 930.8, defendant has until February 12, 2007 to file an application for post conviction relief in the district court seeking reinstatement of her appeal rights. Accordingly, this appeal is hereby dismissed as untimely, and defendant is duly advised of the foregoing.
APPEAL DISMISSED.
NOTES
[1] Defendant's theft convictions resulted from a scheme wherein she received money by presenting false death certificates to insurance companies in order to collect life insurance proceeds.
[2] There are co-defendants in this case, but this appeal concerns only Roberts.
[3] Defendant filed a Supplemental and Amending Motion for New Trial on April 12, 2006, but it was duplicative of the first one she filed.
[4] See, State v. Jupiter, 05-869 (La.App. 5 Cir. 2/3/06), 922 So.2d 1245, where this court found the defendant's appeal untimely when defendant filed a motion to reconsider sentence more than 30 days following the imposition of his sentence and his motion for appeal filed the untimely motion to reconsider sentence.