968 So.2d 765 (2007)
STATE of Louisiana
v.
David SAMPOGNARO.
No. 07-KA-324.
Court of Appeal of Louisiana, Fifth Circuit.
September 25, 2007.
Harry J. Morel, Jr., District Attorney, Kim McElwee, Assistant District Attorney, 29th Judicial District Court, Hahnville, Louisiana, for Plaintiff/Appellee.
Regan & Associates, Martin E. Regan, Jr., Karla M. Baker, Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS, and GREG G. GUIDRY.
CLARENCE E. McMANUS, Judge.
The defendant, David Sampognaro, appeals from his five year suspended sentence with five years active probation with special conditions. We dismiss the appeal, and remand.
Defendant was indicted by a grand jury on March 29, 2006, and charged with 21 counts of possession of pornography involving juveniles in violation of LSA-R.S. 14:81.1. He pled not guilty and filed several pre-trial motions. The indictment was subsequently amended by the State on September 28, 2006 to charge defendant with one count of attempt to possess child pornography in violation of LSA-R.S. 14:27 and 14:81.1. On the same day, defendant entered a nolo contendre plea to the *766 amended charge. On December 7, 2006, he was sentenced to five years which was suspended in favor of five years active probation with numerous conditions, including that defendant comply with the registration requirements for sex offenders.
Defendant timely filed a motion to modify and/or reduce sentence on January 5, 2007 seeking to eliminate some of the conditions of his probation. After a hearing on January 11, 2007, his motion was granted in part and denied in part. No oral motion for appeal was ever made. He fax-filed a written motion for appeal on March 13, 2007 and filed a hard copy on March 16, 2007, which was signed by the trial judge on March 19, 2007.
The defendant's appeal is untimely. The time delays for filing appeals are set forth in LSA-C.Cr.P. art. 914, which provides that a motion for appeal must be made no later than 30 days after the rendition of the judgment or ruling from which the appeal is taken or from the ruling on a motion to reconsider sentence filed pursuant to LSA-C.Cr.P. art. 881.1. Under Article 881.1, the State or defendant may make or file a motion to reconsider sentence within 30 days following the imposition of sentence or within such longer period as the trial court may set at sentence.
Here, defendant pled guilty on September 28, 2006 and was sentenced on December 7, 2006. He filed a motion to modify and/or reduce sentence on January 5, 2007 which was ruled upon on January 11, 2007. Under LSA-C.Cr.P. art. 914, defendant had 30 days, or until February 10, 2007, within which to make his motion for appeal. Therefore, defendant's motion for appeal, fax-filed on March 13, 2007, was untimely.
Generally, after time for appealing has run, a conviction and sentence are no longer subject to review under ordinary appellate process. In that instance, a defendant must seek reinstatement of his appeal rights by filing an application for post-conviction relief requesting an out-of-time appeal. State v. Counterman, 475 So.2d 336 (La.1985); State v. Roberts, 06-678 (La.App. 5 Cir. 1/18/07), 951 So.2d 1154, 1156. A defendant has two years from the date the judgment of conviction and sentence has become final to file an application for post-conviction relief, unless certain exceptions apply. LSA-C.Cr.P. art. 930.8.
Defendant is entitled to file an application for post-conviction relief to obtain an out of time appeal, and we customarily remand a dismissed appeal for this purpose. See, State v. Bellow, 06-431 (La.App. 5 Cir. 12/12/06), 949 So.2d 488; State v. Roberts, supra.
Accordingly, this appeal is dismissed. The case is remanded to allow the defendant to seek reinstatement of his appellate rights by filing an application for post conviction relief.
APPEAL DISMISSED; CASE REMANDED.