973 So.2d 791 (2007)
STATE of Louisiana
v.
Claire G. ROBERTS.
No. 07-KA-493.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2007.
*792 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Martin E. Regan, Jr., Karla M. Baker, Regan & Associates, P.L.C., New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and CLARENCE E. McMANUS.
THOMAS F. DALEY, Judge.
Defendant, Claire Roberts, appeals the trial court's ruling that set restitution in this matter. On appeal, she argues the following Assignments of Error:
1. The restitution amount in this case was erroneously increased from $90,000.00 to $280,090.59.
2. The plea agreement in this case demands that restitution not exceed $90,000.00 and that this matter be remanded to set a determinate amount of restitution including monthly payments not to exceed $90,000.00.
3. The trial court should have granted a new trial.
We find merit to the defendant's appeal. At a previous hearing in this matter, the trial court clearly capped defendant's restitution at $90,000.00.
The Statement of the Case was set forth in this Court's previous opinion in State v. Roberts, 06-678 (La.App. 5 Cir. 1/18/07), 951 So.2d 1154, 1155-56, as follows (footnotes as found in the original):
Claire Roberts was charged in a bill of information on July 30, 2002 with twelve counts of theft of currency ranging from $16,000 to $43,000 in violation of LSA-R.S. 14:67 and one count of insurance fraud in violation of LSA-R.S. 22:1243.[1] She initially pled not guilty but later withdrew her not guilty plea and pled guilty as charged to all thirteen counts. On the same day as her plea, September 13, 2004, defendant was sentenced, which included being ordered to pay restitution.
A hearing to set restitution was held on January 13, 2005. Counsel for defendant objected on the record to the amount set in the hearing. The trial court set a status hearing on the restitution payments for September 15, 2005, which was heard on January 11, 2006 due to Hurricane Katrina.
At that status hearing, defendant challenged the trial court's previous January 13, 2005 ruling setting the amount of restitution and determination that the defendant was solidarily liable for the entire amount.[2] The trial court stated that it had previously Set restitution and that defendant could have appealed the amount at the time but did not do so. *793 Defendant's objection was noted for the record. The trial court offered to allow defendant to withdraw her guilty plea, but she declined.
Thereafter, on January 13, 2006, defendant riled a Motion for New Trial, arguing that the trial court erred in setting restitution in an amount over $90,000.[3] She asserted other errors as well. A hearing on the Motion for New Trial was held on April 27, 2006. Defense counsel stated that the general basis of the Motion was to determine the proper sum of restitution owed by defendant. The trial court denied the Motion.
On February 8, 2006, between filing her Motion for New Trial and the hearing, defendant filed a Motion for Appeal. The appeal was lodged in this court on September 22, 2006. On November 22, 2006, the State of Louisiana, appellee, filed a Motion to Dismiss Defendant's appeal as untimely.
On January 18, 2007, this Court dismissed defendant's appeal as untimely and advised defendant that she had until February 12, 2007 to file an Application for Post Conviction Relief in the district court seeking reinstatement of her appeal rights.[4] On February 12, 2007, defendant filed a Petition for Out-of-Time Appeal that was denied.
On March 19, 2007, defendant filed a Notice of Intent to seek writs from the denial of her Petition for Out-of-Time Appeal. On April 30, 2007, this Court granted the writ and remanded the case to the district court with an order to grant defendant an out-of-time appeal.[5] On June 11, 2007, the trial court granted defendant's out-of-time appeal.
ASSIGNMENT OF ERROR NUMBER ONE
Whether the restitution amount in this case was erroneously increased from $90,000.00 to $280,090.59?
ASSIGNMENT OF ERROR NUMBER TWO
Whether the plea agreement in this case demands that restitution not exceed $90,000.00 and that this matter be remanded to set a determinate amount of restitution including monthly payments not to exceed $90,000.00?
DISCUSSION
Defendant argues that the trial court erred by increasing her restitution from $90,000.00 to $280,090.59. She contends that her liability is less than $90,000.00, and that the $90,000.00 stipulation was put in place as an inducement for her to plead guilty in September of 2004. She further contends that she is entitled to enforcement of the original plea agreement, wherein the trial court capped restitution at $90,000.00. Defendant asserts that the evidence presented at the January 2005 hearing was insufficient to show that she was responsible for $280,090.59 in restitution. She also asserts that the trial court's use of the law regarding joint and solidary obligors is improper in this case.
Defendant next argues that the trial court imposed an indeterminate sentence because it failed to set a specific amount to be paid monthly toward restitution and failed to order a payment plan tailored to her ability to pay. Therefore, she asks *794 this Court to remand for a hearing for that amount to be determined.
The State responds that the record does not show that entry of the guilty plea was predicated upon the amount of restitution to be paid. The State further responds that the trial court conducted a thorough hearing and did not abuse its discretion in determining the amount of restitution owed by defendant. The State contends that, if this Court determines that the trial judge erred by failing to fix a payment schedule, the appropriate remedy would be remanded for a determination as to the manner in which the $280,090.59 is to be paid based upon defendant's assets and earning capacity.
A plea bargain is a contract between the State and one accused of a crime.[6] In determining the validity of agreements not to prosecute or of plea agreements, Louisiana courts generally refer to rules of contract law, while recognizing at the same time that a criminal defendant's constitutional right to fairness may be broader than his or her rights under contract law.[7] The validity of any guilty plea depends on the circumstances of the case.[8]
The first step under contract law is to determine whether a contract was formed in the first place through offer and acceptance.[9] The party demanding performance of a contract has the burden of proving its existence.[10] It is well settled that a guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain and that bargain is not kept.[11]
Under substantive criminal law, there are two alternative remedies available for a breach of a plea bargain: (1) specific performance of the agreement, or (2) nullification or withdrawal of the plea. State v. Bishop, 96-694 (La.App. 5 Cir. 12/30/96), 686 So.2d 1053. In the context of plea bargains, a defendant may demand specific performance of the state's promise if he can show that the parties reached an agreement, that he performed his part of the agreement, and that in doing so, he relinquished a fundamental right. Louis, 645 So.2d at 1149-50. See also State v. Tanner, 425 So.2d 760, 763 (La.1983).
ANALYSIS
Defendant pleaded guilty on September 13, 2004. The transcript shows that the trial judge conducted a Boykin colloquy with the defendant and accepted her guilty plea. The transcript also shows that at the time of the plea in September of 2004, the parties had not reached a firm agreement as to the amount of restitution owed. The State asserted defendant owed $84,000.00, to which defense counsel replied "[w]e haven't agreed." The court responded, "[it] is not to exceed $90,000." Defense counsel then stated he would like two weeks within which to meet with the State and work out restitution.
*795 The Waiver of Rights form shows that defendant pleaded guilty to the offenses listed in the Bill of Information, and that her sentence would be two years at hard labor, suspended, two years of probation, 12 months of home incarceration, and restitution not to exceed $90,000.00. Defendant was advised of her constitutional rights and she waived them, according to the form. Additionally, defendant, defense counsel, and the trial judge all signed the form indicating their understanding of the plea agreement.
At the hearing on January 11, 2006, which was a status hearing on restitution, the trial court stated she disagreed that she had ever capped Roberts's share of the restitution at $90,000.00; that at the previous restitution hearing on January 13, 2005, she found that Roberts's "corporal share" of the restitution was $90,000.00, but that defendant was responsible "as the hub of the conspiracy for the entire amount," which exceeded $280,000.00. The trial court stated:
"I did not order restitution on that date,[12] and there was no meeting of the minds. Normally you would be right, not to exceed $90,000. The problem is you didn't agree to anything, and then you had aNothing was agreed to on that date, because I said $90,000, which would have been for whatever reason. However, the defendant never agreed to $90,000. The defendant asked for time to work it out, and was given a date for a restitution hearing. . . . "
This court has reviewed the transcript of September 13, 2004. The State asserted that defendant's share was $84,000.00, to which defendant stated that there was no agreement. It is true that the defendant did not agree to a specific amount of restitution on that date, but the trial court did state that restitution was not to exceed $90,000.00. This statement was clear and explicit. Accordingly, the trial court erred in the hearing of January 13, 2005, when it set restitution at $280,160.59. We reverse this ruling, pursuant to the plea bargain set forth in the written Boykin form signed by the defendant, the Assistant District Attorney, and the judge. The restitution obligation in this criminal sentence cannot exceed $90,000.00.
ASSIGNMENT OF ERROR NUMBER THREE
Defendant argues that the trial court abused its discretion by denying her Motion for New Trial. She contends that the ruling regarding restitution in January of 2005 was contrary to the plea agreement and the evidence. She further contends that the ends of justice would be better served by granting a new trial to set the total restitution amount and to impose a determinate sentence regarding restitution including monthly payments.
The trial judge did not err in denying the Motion for New Trial, as the jurisdiction of the trial court was divested and that of the appellate court attached upon the entering of the order of appeal. LSA-C.Cr.P. art. 916. Nevertheless, defendant's request for a new hearing on restitution is fully addressed in the discussion of Assignments of Error Numbers One and Two.
CONCLUSION:
The Restitution Order of January 13, 2005 is vacated. The matter is remanded to the trial court for imposition of a Restitution Order not to exceed $90,000.00, and for the court to set a restitution payment plan as condition of probation.
*796 RESTITUTION ORDER VACATED; MATTER REMANDED.
NOTES
[1] Defendant's theft convictions resulted from a scheme wherein she received money by presenting false death certificates to insurance companies in order to collect life insurance proceeds.
[2] There are co-defendants in this case, but this appeal concerns only Roberts.
[3] Defendant filed a Supplemental and Amending Motion for New Trial on April 12, 2006, but it was duplicative of the first one she filed.
[4] State v. Roberts, 06-678 (La.App. 5 Cir. 1/18/07), 951 So.2d 1154.
[5] State v. Roberts, 07-KH-249 (La.App. 5 Cir. 4/30/07) (unpublished writ disposition).
[6] State v. Lewis, 539 So.2d 1199, 1204 (La. 1989).
[7] See State v. Louis, 94-0761 (La.11/30/94), 645 So.2d 1144, 1148 (citing State v. Nall, 379 So.2d 731 (La.1980); State v. Lewis, 539 So.2d 1199 (La.1989)).
[8] State v. Richard, 00-0659 (La.9/29/00), 769 So.2d 1177.
[9] Louis, 645 So.2d at 1149; LSA-C.C. art. 1927.
[10] Louis, 645 So.2d at 1149.
[11] State v. Dixon, 449 So.2d 463 (La.1984)
[12] September 13, 2004.