MADELINE JASMINE, Judge Pro Tempore.
 

 |zThe defendant, Johnny Puzzio, Jr. has appealed the trial court’s ruling ordering him to pay restitution in connection with his guilty plea to theft. For the reasons
 
 *541
 
 that follow, we vacate that ruling and remand for further proceedings in accordance with this opinion.
 

 FACTS AND PROCEDURAL HISTORY
 

 On April 10, 2007, the Jefferson Parish District Attorney filed a Bill of Information charging defendant, Johnny Puzzio, Jr. with theft of property valued at more than $1,000.00, a violation of LSA-R.S. 14:67.
 
 [1]
 
 On October 4, 2007, defendant pled guilty as charged in accordance with a plea agreement. The trial court ordered that defendant’s sentence be deferred under LSA-C.Cr.P. art. 893, and that he be placed on active probation for two years. The court ordered defendant to comply with the written conditions of probation he had received, and to pay various fines and court costs. The court further ordered that defendant pay | ^restitution to the victim in an amount to be determined by the department of probation and parole.
 

 The Bill of Information alleged that on or between January 1 and January 28 of 2007, defendant “did commit theft of tools and jewelry, valued at over $1,000.00, from Marie Landry[.]”
 

 The police report, supplemental police report, and attached pawn shop property receipts in globo were submitted into evidence by the defendant, and are hereinafter referred to as Defense Exhibit 1. The police report shows that on January 28, 2007, Deputy Chester Kowalski of the Jefferson Parish Sheriffs Office responded to a call from Marie Landry. Ms. Landry reported that defendant is married to her step-daughter, Ashley Puzzio. The victim further stated that she had discovered jewelry was missing from her jewelry box, and she suspected defendant and Ms. Puz-zio had taken it. Ms. Landry noted there was no sign of forced entry to her house. The police report lists six items that were stolen, four pieces of jewelry and two tools.
 

 According to Sergeant Troy Bradberry’s supplemental police report, Ms. Landry reported that between January 14 and January 28 of 2007, she noticed some tools were missing from her tool shed, and several pieces of jewelry were missing from her jewelry box. She said defendant had access to her residence, and that he could have been involved in the theft. Sergeant Bradberry ran defendant’s name on the Jefferson Parish Sheriffs Office Pawn Shop Computer System and learned he had pawned three pieces of jewelry and four tools at a pawn shop in Metairie.
 

 Sergeant Bradberry retrieved the seven items from the pawn shop, and he learned defendant had pawned them on various days in January of 2007. The officer brought the recovered items to Ms. Landry, and she identified them as items |4taken from her residence. The victim stated that she did not give defendant permission to remove the property from her residence or to pawn it.
 

 Attached to the police report and supplemental police report submitted into evidence by the defendant are 13 pawn shop property receipts completed by Sergeant Martin Dunn, which detailed the items recovered from the Cash America Pawn Shop in Metairie. However, the reports do not indicate which of the items listed on these receipts were returned to Ms. Landry nor does it indicate whether all of these items were stolen from Ms. Landry.
 

 On November 28, 2007, the State filed a motion for a restitution hearing in which it alleged that the department of probation and parole had not yet contacted the vic-
 
 *542
 
 tira regarding the restitution owed her. The court held a restitution hearing on March 18, 2008. At the conclusion of the hearing, the court ordered defendant to pay restitution in the amount of $30,948.00, and that he pay judicial interest from the date of the offense.
 

 Defendant filed a timely Motion for Appeal from the trial court’s restitution ruling, and the court granted the motion.
 

 ASSIGNMENTS OF
 
 ERROR
 
 [2]
 

 On appeal, the defendant argues the district court abused its discretion in ordering additional restitution, without sufficient proof, in excess of that to which defendant has entered a plea of guilty. Specifically, defendant contends the trial court violated the terms of his plea agreement when it ordered restitution for items other than those listed in the police report, since he entered into the plea bargain |fibased on an understanding that he would pay restitution only as to the pawned property documented in the report. Defendant moves this Court to reverse the trial court’s March 13, 2008 restitution order, and to order that he is to pay restitution only for the stolen items listed in the police report, which he received through discovery.
 

 The State responds that the plea agreement did not include a specific monetary cap on restitution, nor did the agreement expressly limit restitution to the items defendant pawned. The State argues that, on the contrary, defendant agreed at the time of the guilty plea to make restitution in an amount to be determined later. The state contends the defendant may not now complain about the restitution subsequently imposed.
 

 A review of the transcript indicates restitution was discussed after the trial judge accepted defendant’s plea and imposed defendant’s sentence. Additionally, item 8 of the conditions of probation form signed by defendant, his attorney, and the trial judge, required defendant to “[mjake restitution to the aggrieved party for damage or loss, if any, caused by your offense(s) in an amount determined by the court, as follows: via prob. + parole.” After the judge accepted defendant’s plea and imposed defendant’s sentence, the prosecutor stated, “Judge, the only thing that the State would add is I believe there may be restitution owed pursuant to property that was pawned to the pawn shop from the victim, and if there is restitution, I would ask that it be collected through the Office of Probation and Parole.” Defense counsel then said, “No problems with that, Your Honor.” The judge responded, “Okay. The Court is going to make that an additional requirement of your probation, that you pay restitution. That will be determined by Probation and Parole.”
 

 IfiThe trial court held the restitution hearing more than five months after defendant’s guilty plea, on the State’s motion. The victim, Marie Landry, testified that she reported some of what was taken from her residence during the initial police investigation, and officers were able to recover some of those items from a pawn shop and return them to her. Ms. Landry further testified that she subsequently dis
 
 *543
 
 covered additional items were missing from her home. The State submitted in evidence receipts and appraisals Ms. Landry had obtained for various power tools and pieces of jewelry. The State also introduced an inventory of stolen items and their estimated values that Ms. Landry had submitted to her insurance company. Ms. Landry testified that the cumulative value of those additional items was $34,448.29. She further testified that her insurance company had given her between $3,500.00 and $3,800.00 for her losses, explaining that her policy only provided limited coverage for jewelry. On cross-examination, Ms. Landry admitted she did not know who took the additional items from her home, nor could she remember all items that were returned to her from the pawn shop. The police report indicates that Ms. Landry was issued a property form to fill out and list the items stolen. Ms. Landry could not remember what happened to this form. It was unclear from Ms. Landry’s testimony when the additional items were discovered missing and whether these missing items were reported to police.
 

 Defendant testified at the restitution hearing that he took some property from Ms. Landry’s home with the help of Ms. Landry’s step-daughter, Ashley Puzzio. He pawned the items in order to pay for drugs. Defendant maintained that all of the items he pawned were recovered by police from the pawn shop and were returned to Ms. Landry.
 
 [3]
 
 Defendant testified it was his understanding that he pled guilty only to the theft of those items that were listed in the police report. He 17denied stealing any of the items listed in the documents the State had introduced at the hearing. The police report, supplemental police report, and 13 pawn shop property receipts completed by Sergeant Martin Dunn, which detailed the items recovered from the Cash America Pawn Shop in Metairie, were admitted into evidence as Defense Exhibit 1.
 

 Defense counsel argued, in part, that at the time of the guilty plea, defendant understood he was only pleading guilty to theft of the items he pawned. Defendant did not intend to plead guilty to taking $34,000.00 worth of jewelry and other property. Counsel further argued there was no evidence defendant had taken the additional items listed by the victim.
 

 The trial court ordered defendant to pay restitution in the amount of $30,948.00, the difference between Ms. Landry’s claim and the amount she received from her insurance company.
 

 A plea bargain is a contract between the State and one accused of a crime.
 
 State v. Roberts,
 
 07-493, p. 5 (La.App. 5 Cir. 11/27/07), 973 So.2d 791, 794. A guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or what he justifiably believes is a plea bargain, and that agreement is not kept.
 
 State v. Dixon,
 
 449 So.2d 463, 464 (La.1984). In such instances a defendant has been denied due process because the plea was not given freely and voluntarily.
 
 Id.
 

 The first step under contract law is to determine whether a contract based on offer and acceptance actually exists. LSA-Civ. Code art. 1927;
 
 State v. Givens,
 
 99-3518, p. 14 (La.1/17/01), 776 So.2d 443, 455. The party demanding performance of a contract has the burden of proving its existence.
 
 State v. Givens, supra.
 
 Under substantive criminal law, there are two
 
 *544
 
 alternative remedies available for a breach of a plea bargain: (1) specific performance of the agreement, or (2) 18nuIIification or withdrawal of the guilty plea.
 
 State v. Roberts,
 
 07-493 at 6, 973 So.2d at 794. In the context of plea bargains, a defendant may demand specific performance of the State’s promise if he can show the parties reached an agreement, and that in doing so, he relinquished a fundamental right.
 
 State v. Givens,
 
 99-3518 at 15, 776 So.2d at 455.
 

 While the State concedes the parties entered into a plea bargain, it argues it was never agreed that restitution would be limited in any way. However, a review of the transcript and evidence indicates the defendant was justified in believing restitution would be limited to the items he sold to the pawn shop, based on the exchange between the attorneys and the judge following acceptance of the plea. The prosecutor specifically referred to restitution owed with respect to the property defendant sold to the pawn shop. Nothing else was said during that exchange that would lead a reasonable person to believe restitution would be ordered for any property beyond the pawned items.
 

 The facts in this case are comparable to those in
 
 State v. Roberts, supra.
 
 The defendant in that case pled guilty to 12 counts of theft of currency and one count of insurance fraud. She was sentenced that day pursuant to a plea agreement. As part of her sentence, the trial court ordered the defendant to pay restitution. At a restitution hearing held four months after sentencing, the trial court set restitution at $280,090.59. The defendant objected to the amount set by the court. At a subsequent status hearing, the defendant again challenged the restitution amount. The trial court ruled that its restitution order would stand. The court offered to allow the defendant to withdraw her guilty plea, but she declined to do so.
 
 Roberts,
 
 07-493 at 3, 973 So.2d at 792.
 

 The defendant thereafter filed a Motion for New Trial, arguing the trial court erred in ordering restitution in an amount over $90,000.00, since it had explicitly | nstated at sentencing that restitution was not to exceed $90,000.00. At the hearing on the new trial motion, the defendant stated the purpose behind her motion was to allow the court to determine a proper restitution amount. The trial court denied the motion.
 
 Id.,
 
 07-493 at 3, 973 So.2d at 793.
 

 The defendant argued on appeal that the restitution was erroneously set at more than $90,000.00. She maintained that the stipulation to a $90,000.00 cap on restitution was an inducement for her to plead guilty, and that her guilty plea was rendered constitutionally infirm by the trial court’s failure to adhere to the cap. In reviewing the trial court record, this Court noted there was no indication that the defendant had agreed to a specific amount in restitution, but that at the defendant’s sentencing hearing, the trial court did explicitly order that the restitution not exceed $90,000.00. Moreover, the waiver of rights form signed by the defendant stated that her sentence would include restitution not to exceed $90,000.00. Accordingly, this Court found, the trial court erred when it set restitution at more than $90,000.00.
 
 Id.,
 
 07-493 at 6-7, 973 So.2d at 794-95.
 

 This Court vacated the trial court’s restitution order and remanded for a new restitution hearing as the defendant requested.
 
 Id.,
 
 07-493 at 8, 973 So.2d at 975.
 

 In the instant case, the trial court did not set a specific cap on restitution as did the trial court in
 
 Roberts.
 
 However, the aforementioned statement by the prosecutor at defendant’s plea that “there may be
 
 *545
 
 restitution owed pursuant to property that was pawned to the pawn shop from the victim” was sufficiently specific to cause defendant to rely on it to his detriment. Thus, we find the record supports defendant’s argument that the intention of the parties was to limit restitution to the value of the items he pawned as referenced in the police report submitted into evidence as Defense Exhibit 1. Accordingly, we vacate the trial court’s restitution order and remand to the trial court for imposition of a restitution |inorder not to exceed the losses the victim sustained in connection with the theft of the pawned items as listed in the police report submitted into evidence as Defense Exhibit 1.
 

 ERROR PATENT REVIEW:
 

 The record was reviewed for errors patent, pursuant to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990).
 

 The errors patent review reveals a sentencing error requiring correction: the commitment minute entry fails to note the grade of the offense. The commitment minute entry provides that the defendant was found guilty on “count 1) 14:67 F III THEFT.” The crime of theft establishes grades of offense based on the value of the misappropriation. The statute specifically penalizes three grades of theft, that is, those valued at more than $500.00, LSA-R.S. 14:67(B)(1); more than $300.00, but less than $500.00, LSA-R.S. 14:67(B)(2), or less than $300.00, LSA-R.S. 14:67(B)(3). The theft statute contains no paragraph F.
 

 In
 
 State v. Taylor,
 
 07-474, (La.App. 5 Cir. 12/27/07), 975 So.2d 10, a case involving simple criminal damage to property, this Court noted that the commitment entry did not reflect the proper grade of offense. The matter was remanded for the district court to correct the commitment entry to reflect the proper grade of offense.
 
 Id.
 
 at 16.
 
 See also, State v. Ramsdell,
 
 06-644, (La.App. 5 Cir. 12/27/06), 949 So.2d 508.
 

 Accordingly, we remand this case to the trial court and order it to correct the commitment minute entry to reflect the correct grade of the offense for which the defendant was convicted.
 

 ^CONCLUSION
 

 For the foregoing reasons, the restitution ordered by the trial court on March 13, 2008 is hereby vacated. This matter is remanded to the trial court for imposition of restitution not to exceed the value of the property pawned as listed in the police report submitted into evidence as Defense Exhibit 1. We further order the trial court to correct the commitment minute entry to reflect the correct grade of the offense for which the defendant was convicted.
 

 RESTITUTION ORDER VACATED; MATTER REMANDED.
 

 [1]
 

 . The specific charge was actually theft of property valued at $500.00 or more.
 
 See
 
 LSA-R.S. 14:67 B(l).
 

 [2]
 

 . Our resolution of defendant's first Assignment of Error renders defendant’s remaining Assignments of Error moot. We note, however, that the trial court did err in ordering the restitution be put in the form of a civil judgment. LSA-C.Cr.P. art. 886 A only provides for collection in a civil judgment if defendant fails to pay restitution. Further, interest on restitution may only be ordered to run from the date of sentencing, not from the date of the offense. Additionally, under C.Cr.P. art. 895.1 A(l), the trial court must determine the manner in which the defendant will pay restitution, either in a lump sum or in installments, based on defendant's earning capacity and assets.
 

 [3]
 

 . On cross-examination, defendant conceded that he was not present when the pawned items were returned to Ms. Landry.