*879
 
 CLARENCE E. McMANUS, Judge.
 

 IsSTATEMENT OF THE CASE
 

 A St. Charles Parish grand jury indicted defendant, David Sampognaro, and charged him with 21 counts of possession of pornography involving juveniles in violation of LSA-R.S. 14:81.1. He pled not guilty and filed several pre-trial motions. The State subsequently amended the' indictment to charge defendant with one count of attempted possession of child pornography in violation of LSA-R.S. 14:27 and 14:81.1. On the same day, defendant entered a nolo contendere plea to the amended charge.
 

 Since Defendant’s conviction resulted from a guilty plea, little is known about the facts and circumstances surrounding the charged offense. During the plea colloquy, the State explained that a Cybercrime agent in Virginia located child pornography on defendant’s computer. As a result, local federal agents executed a search warrant and seized defendant’s computer from his house. A forensic examination of the computer revealed numerous video and pictures of pornography. It was determined that the children depicted were under the age of 17 and some were under the age of 12.
 

 According to the State, defendant admitted knowledge of the child pornography on his computer to the federal agents. However, the federal government declined to prosecute. Thereafter, a St. Charles Parish detective obtained an arrest warrant for defendant and he was arrested.
 

 |:iOn December 7, 2006, the trial court sentenced defendant to five years which was suspended in favor of five years active probation with numerous conditions, including that defendant comply with the registration requirements for sex offenders. Defendant timely filed a motion to modify and/or reduce sentence seeking to eliminate some of the conditions of his probation. After a hearing, the trial court granted defendant’s motion in part and denied it in part.
 

 Defendant later filed an untimely appeal with this Court, which was dismissed and remanded to allow defendant an opportunity to seek reinstatement of his appeal rights.
 
 State v. Sampognaro,
 
 07-324, p. 4 (La.App. 5 Cir. 9/25/07), 968 So.2d 765, 766. On remand, defendant sought reinstatement of his appeal rights through an application for post-conviction relief, which was granted. Defendant now timely appeals his sentence arguing one assignment of error, that the trial court erred in denying defendant’s motion to modify and/or reduce sentence.
 

 Defendant’s sole assignment of error challenges the following three conditions of his probation imposed by the trial court: 1) the prohibition against him attending school functions with his minor children, 2) the requirement that he post a notice outside his medical office regarding his sex offender status, and 3) the requirement that he serve eight hours of community service every week for the first year of probation. Defendant contends the first condition imposes needless suffering, the second condition is superfluous and encroaches on the duties of the Louisiana Medical Board to regulate the practice of medicine, and the third condition does not comport with the severity of the offense.
 

 DISCUSSION
 

 An error patent review was conducted under LSA-C.Cr.P. art. 920. This review reveals an error that prevents this Court from reaching the merits of defendant’s appeal. Specifically, defendant received probation for an offense that |4does not permit probation and defendant’s sole assignment of error on appeal relates to the conditions of his probation.
 

 
 *880
 
 Defendant entered a nolo contendere plea to attempted possession of child pornography. We note that defendant entered his no contest plea without any agreement as to the sentence, except that he would be required to comply with the sex offender registration requirements.
 

 A person who is convicted of an attempt to commit a crime “shall be fined or imprisoned ... in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.” LSA-R.S. 14:27(D)(3). The sentencing range for possession of child pornography is set forth in LSA-R.S. 14:81.1(E)(1), which provides: “Whoever commits the crime of pornography involving juveniles shall be fined not more than ten thousand dollars and be imprisoned at hard labor for not less than two years or more than ten years, without benefit of parole, probation, or suspension of sentence.”
 

 The trial court sentenced defendant to five years with the Department of Corrections but suspended the sentence and placed defendant on active probation, with numerous conditions, for five years. Thus, defendant received an illegal sentence.
 

 The State did not object to the illegal sentence at the time of sentencing or at the hearing on the motion to modify and/or reduce sentence, or on appeal. Under LSA-C.Cr.P. art. 882, this Court has the authority to correct an illegal sentence despite the failure of either party to raise the issue. However, this authority is permissive rather than mandatory.
 
 State v. Quinones,
 
 03-907, p. 11 (La.App. 5 Cir. 12/30/03), 864 So.2d 824, 830.
 

 In
 
 State v. Jones,
 
 327 So.2d 417 (La.1976), the defendant’s sentence was suspended in favor of probation. The Louisiana Supreme Court determined the trial court did not have authority to suspend the defendant’s sentence. As such, the Supreme Court reversed the trial court’s ruling suspending the sentence and remanded the matter for the trial court to correct the sentence.
 
 Id.
 
 at 419-20.
 

 Also, in
 
 State v. Sugasti,
 
 01-3407, pp. 1-2 (La.6/21/02), 820 So.2d 518, 519, the Louisiana Supreme Court affirmed this Court’s decision vacating the defendant’s sentence and remanding for resentencing where defendant received probation for an offense that did not allow for probation at the time the defendant committed the offense.
 

 A defendant does not have a constitutional or statutory right to an illegal sentence.
 
 State v. Williams,
 
 00-1725, pp. 16-17 (La.11/28/01), 800 So.2d 790, 797. Therefore, we vacate defendant’s sentence and remand the matter for resentencing. There is no need to reserve defendant’s right to withdraw his nolo contendere plea because his plea was not conditioned on any particular sentence. There is nothing in the record to indicate defendant entered his plea in exchange for probation or a suspended sentence.
 

 Additionally, we find that defendant was not advised of the two-year prescriptive period within which to file an application for post-conviction relief in accordance with LSA-C.Cr.P. art. 930.8. Therefore, upon remand, we order the trial court to inform defendant of the two-year prescriptive period as required by Article 930.8.
 

 SENTENCE VACATED; MATTER REMANDED FOR RESENTENCING.