MARION F. EDWARDS, Judge.
 

 Defendant/appellant, David Sampogna-ro (“Sampognaro”), appeals his sentence for one count of attempted possession of child pornography, a violation of LSA-R.S. 14:27 and 14:81.1. Following a plea of nolo contendré, he was sentenced to five years in the Department of Corrections, which was suspended in favor of five years of active probation with special conditions.
 

 Sampognaro’s first appeal
 
 [1]
 
 was dismissed as untimely, and he was given the opportunity to seek reinstatement of his appeal rights through an application for post-conviction relief. In his second, out-of-time appeal,
 
 [2]
 
 he sought review of the trial court’s denial of his motion to modify and/or reduce his sentence. We did not reach the merits of that appeal after an error patent review revealed that Sampog-naro received an illegal sentence; that is, that Sampognaro received probation for an offense for which probation is not allowed. Accordingly, we vacated the sentence and remanded the matter for re-sentencing, noting that Sampognaro’s plea was not conditioned on any particular sentence and, therefore, there was no need to reserve his right to withdraw his plea.
 

 On remand, Sampognaro was re-sentenced to one year in the Department of Corrections without parole, probation, or suspension of sentence. The trial court Ismaintained the $4,000 fine imposed with the original sentence and gave him credit for eighteen days, which was his 416 hours of community service.
 

 We have previously stated the facts of this case as follows:
 

 Since Defendant’s conviction resulted from a guilty plea, little is known about the facts and circumstances surrounding the charged offense. During the plea colloquy, the State explained that a Cybercrime agent in Virginia located child pornography on defendant’s computer. As a result, local federal agents executed a search warrant and seized defendant’s computer from his house. A forensic examination of the computer revealed numerous video and pictures of pornography. It was determined that the children depicted were under
 
 *634
 
 the age of 17 and some were under the age of 12.
 
 [3]
 

 In the present appeal, Sampognaro contends his one-year sentence for attempted possession of child pornography is excessive. He urges that he has no prior criminal record and, further, claims his pre-sentence investigative report showed he did not pose a risk to his children and that he had no sexual interest in children. He claims his sentence was retaliatory for exercising his right to appeal. Contrary to his claim, the PSI does not specifically show that he does not pose a risk to his children or that he had no sexual interest in children. Rather, the PSI recommended that he not have any “unsupervised contact with any minor children.”
 

 Sampognaro was convicted of attempted possession of child pornography. The sentencing range for a conviction of possession of child pornography is two to ten years without the benefit of parole, probation, or suspension of sentence and a fine of “not more than ten thousand dollars.” La. R.S. 14:81.1(E). When the conviction is for attempt, La. R.S. 14:27(D)(3) provides the defendant “shall be fined or imprisoned or both, in the same manner as for the offense attempted; such |4fine or imprisonment shall not exceed one-half the largest fine, or one-half the longest term of imprisonment prescribed for the offense so attempted, or both.”
 

 By the terms of the attempt statute, only a maximum sentence is provided for the conviction of attempting to commit a crime. “There is no express statutory minimum sentence for being convicted of an attempt and principles of lenity require that the statute be strictly construed.”
 
 [4]
 
 Therefore, the sentencing range for attempted possession of child pornography is zero to five years and a fine up to $5,000.
 

 The record shows the trial judge was aware the sentencing range for this conviction for attempted possession of child pornography was zero to five years. Although Sampognaro pled to the amended charge, he did not agree to a specific sentence. Therefore, he is not precluded from seeking review of his sentence under La.C.Cr.P. art. 881.2(A)(2).
 
 [5]
 

 In reviewing a sentence for ex-cessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the sense of justice. A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. In reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts.
 
 [6]
 

 At the reentencing hearing, Sampognaro argued he had served two and one-half years of probation without incident and performed 416 hours of community service. He maintained jail time was not necessary under the circumstances of the case and noted he had no prior convictions. He also urged that he was registered as a
 
 *635
 
 sex offender and was being supervised accordingly.
 

 The State responded that Sampognaro was not given any promises regarding his sentence when he entered his plea and that he was given a chance to withdraw his plea at the time he was originally sentenced, which he declined. The State further stated it believed that Sampognaro deserved jail time.
 

 In re-sentencing Sampognaro to one year without the benefit of parole, probation, or suspension of sentence, the trial court stated:
 

 Now, Mr. Sampognaro, I think you could be a poster child for no good deed goes unpunished. The State gave you a break by reducing it to the amended charge. The Court thought by giving you a tight, lengthy but tight probationary period that justice was being served, your family was being given a break and society was benefiting. But, that wasn’t good enough for you. You wanted to dictate what justice would be in this case by exercising your right to appeal, and that is your right. The proverbial' be careful what you ask for, you may get it, comes into play here. That is, the Court of Appeal said we were all wrong. Now, for you to say that no sentence is necessary at this time, really flies in the face of the Code of Criminal Procedure Article 894.1 A3, which says[,] the Court should impose a sentence of imprisonment if a lesser sentence will deprecate the seriousness of the defendant’s crime. And the Court believes that. Anything but a sentence would deprecate the seriousness of the crime ... there are unnamed victims of pornography. To say you don’t deserve a jail sentence is just not right, number one. And, number two, to not impose something would deprecate the seriousness of the crime.
 

 In a subsequent motion to reconsider sentence, Sampognaro requested the trial court reconsider his sentence on the basis he pled guilty to avoid jail time. The trial court denied the motion and explained the record showed he entered his Rplea without any promises as to a sentence on the part of the court. The court further stated it had considered all relevant factors when imposing sentence and believed Sam-pognaro’s sentence to be a fair one.
 

 Sampognaro was a first felony offender, had no juvenile record, and had not been arrested prior to the instant offense. He received a one-year sentence, which is at the low end of the sentencing range for the offense. Under the facts of this case, we do not find this sentence to be constitutionally excessive.
 

 Sampognaro received a great benefit in his plea bargain when the State reduced his charges from twenty-one counts of possession of child pornography to one count of attempted possession of child pornography. The trial court gave him credit against his jail time for the 416 hours of community service, or the equivalent of eighteen days, he had already served. Additionally, the trial court took into consideration his status as a first offender, but it properly recognized attempted possession of child pornography is not a victimless crime.
 

 Although he claims the trial court’s sentence punishes him for appealing, the record does not support this assertion. While he points to the trial judge’s comment that the case has become too contentious for him, he takes the comment out of context. The record shows defense counsel requested to approach the bench. The trial judge denied counsel’s request stating, “No, this is too contentious of a case for me to — the Court of Appeal remanded the case for me to do that.” The remark simply explained the trial judge’s cautious approach to re-sentencing in light of this Court’s remand
 
 *636
 
 and for presumably keeping everything on the record. Nothing in the record or the trial judge’s comment indicates that Sam-pognaro’s sentence, which was near the minimum, was retaliation for appealing his sentence.
 

 This assignment of error is without merit.
 

 |7As we previously conducted an errors patent review in the second appeal,
 
 [7]
 
 Sam-pognaro is now only entitled to an errors patent review of his re-sentencing.
 
 [8]
 

 There is a discrepancy between the transcript and the commitment regarding the sentence. The transcript reflects the trial court imposed a $4,000 fíne and the minute entry, dated June 4, 2009, reflects the fine. However, a document labeled, “Sentence of the Court,” which appears to be the commitment, does not show a fíne was imposed. The transcript prevails where there is an inconsistency between the commitment and the transcript.
 
 [9]
 
 Accordingly, we remand the case, and the trial court is instructed to correct the commitment to reflect the imposition of a fine and to transmit the amended commitment to the officer in charge of the institution to which Sampognaro has been sentenced.
 
 [10]
 

 For the foregoing reasons, the sentence is affirmed. The case is remanded to the trial court for further proceedings consistent with this opinion.
 

 AFFIRMED; REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 .
 
 State v. Sampognaro,
 
 07-324 (La.App. 5 Cir. 9/25/07), 968 So.2d 765.
 

 [2]
 

 .
 
 State v. Sampognaro,
 
 08-371 (La.App. 5 Cir. 1/27/09), 9 So.3d 878.
 

 [3]
 

 .
 
 State v. Sampognaro,
 
 9 So.3d at 879.
 

 [4]
 

 .
 
 See, State v. Callahan,
 
 95-1331 (La.3/29/96), 671 So.2d 903 (per curiam).
 

 [5]
 

 .
 
 See, State v. Allen,
 
 03-1205 (La.App. 5 Cir. 2/23/04), 868 So.2d 877, 878.
 

 [6]
 

 .
 
 State v. Pearson,
 
 07-332 (La.App. 5 Cir. 12/27/07), 975 So.2d 646.
 

 [7]
 

 .
 
 State v. Sampognaro,
 
 08-371 (La.App. 5 Cir. 1/27/09), 9 So.3d 878.
 

 [8]
 

 .
 
 See, State v. Yrle,
 
 05-202 (La.App. 5 Cir. 10/6/05), 916 So.2d 1197 and
 
 State v. Taylor,
 
 01-452 (La.App. 5 Cir. 11/14/01), 802 So.2d 779,
 
 writ denied,
 
 01-3326 (La.1/10/03), 834 So.2d 426.
 

 [9]
 

 .
 
 State v. Lynch,
 
 441 So.2d 732 (La.1983).
 

 [10]
 

 .
 
 See, State ex rel. Roland v. State, 06-0244
 
 (La.9/15/06), 937 So.2d 846 (per curiam).