ROBERT M. MURPHY, Judge.
|2Pefendant, David Epperley, appeals his sentences following an Alford[1] plea to three counts of theft valued at over $1,500.00. For the reasons the follow, we affirm defendant’s convictions and sentences.

STATEMENT OF THE CASE

On June 19, 2012, the Jefferson Parish District Attorney’s Office filed a bill of information charging defendant with three counts of theft valued at over' $1,500.00, violations of La. R.S. 14:67(3). Defendant pled not guilty to all charges on July 13, 2012. Defendant thereafter pled guilty to all charges under North Carolina v. Alford, supra, on February 14, 2014, and was sentenced on December 3, 2014, to five years imprisonment at hard labor on each count, with all counts to run concurrently. These sentences were suspended and defendant was placed on active probation for a term of three years. Defendant was further ordered to pay restitution in the amount of $21,993.92 to victim Faith May and $6,000.00 to victim Gerado Pampin. On December 12, 2014, defendant filed a Motion To Reconsider Sentence, which challenged only the restitution portions of his sentences; this motion was denied on December 18, 2014. This appeal follows.

J^FACTS

Because defendant entered guilty pleas, the facts were not fully developed at trial. Nevertheless, during the guilty plea colloquy on February 14, 2014, the State provided, in relevant part,[2] the following factual basis for count one and for count two:
As to count one, the State would prove violation of Louisiana Revised Statute 14:6[7] as reflected in the bill of information which is theft over the value of $1,500.00 from Gerado Pampin that occurred on or about February 6, 2009, during the year 2009, this is in Jefferson Parish.
As to count two, the State would prove violation of 14:67, theft of $1,500.00 from Faith and Joey May that occurred between December 5, 2008, and March 30, 2010, in Jefferson Parish.

DISCUSSION

In his sole assignment of error, defendant contends that the court abused its discretion in imposing restitution based only upon the testimony of the victims, without additional evidence. Defendant concludes that, in the absence of other evidence to support a showing of a pecuniary loss to the victims, his sentence is excessive.
Conversely, the State first argues that defendant’s restitution was imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. Specifically, the State asserts that during his guilty plea colloquy, defendant acknowledged that he would be required to pay restitution and agreed that the trial *728 court would conduct a restitution hearing. The State therefore concludes that defendant’s appeal should be dismissed.
14At the outset, we find that because defendant did not stipulate to a predetermined amount of restitution as part of his plea, his appeal is properly before this Court.[3]
The restitution hearing in this matter was held on September 5, 2014. By way of background, the State informed the Court that defendant’s company, EPCO, had essentially committed contractor fraud. EPCO entered into construction contracts with the victims then failed to complete the work agreed to.
Faith May testified at the restitution hearing that she and her husband had hired EPCO to build her home in Hara-han, within Jefferson Parish. The total value of the contract was $261,296.01.[4] EPCO performed some work under the contract, but May terminated the contract after learning that a lien had been placed against her home because of .an unpaid balance owed to Lumber Liquidators, a third-party subcontractor. A mitigation assessment on her property performed by Solutient, a contractor hired by Jefferson Parish to oversee mitigation grants, concluded that work paid for, but not completed by EPCO, totaled $21,993.92.[5] May and her husband then personally paid that amount to Solutient, so that another contractor could complete construction.[6]
Next, Gerado Pampin testified that he entered into a contract and a superseding contract with EPCO, for which defendant was one of the ^principals. The court was referred to the terms of that contract, which provided that EPCO would demolish Pampin’s existing home and rebuild a new home at a cost of $153,832.00. Several breaches of contract occurred during construction, with Pampin and EPCO making agreements that EPCO would- continue to build while correcting their mistakes. Defendant contacted Pampin when it became clear that the home would not be completed during the time-frame stipulated on the contract, and asked Pampin to continue paying for building materials so that EPCO’s crews could continue construction. Subsequently, three liens were placed on Pampin’s property by unpaid subcontractors. While EPCO satisfied two of the liens, Pampin personally paid the third lien of $6,000.00 to All Seasons A/C and Heating (“All Seasons”). Pampin sent EPCO a demand letter which asked the company to complete construction. Ultimately, Pam-pin terminated the contract with EPCO, pursued criminal charges against defendant, and filed a civil suit.[7]
*729 Defendant testified regarding his construction work for May and Pampin. His account contradicted the witness’ testimony with respect to the money EPCO was alleged to have received, the scope of work for each project, and why each contract was canceled by the homeowners. Defendant acknowledged that he had hired All Seasons as a subcontractor to perform work on Pampin’s property, and that he did not pay All Seasons because it was not finished with the work. Defendant did not deny that All Seasons filed a lien on Pam-pin’s property and, in fact, defendant admitted that he had told the sub-contractor to file the lien.
ROn December 3, 2014, the trial, judge ordered defendant to pay restitution in the amount of $21,993.92 to May, and $6,000.00 to Pampin.
La. C.Cr.P. art. 883.2 provides, in relevant part:
A. In all cases in which the court finds an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court shall order the defendant to provide restitution to the victim as a part of any sentence that the court shall impose.
Moreover, when a court places a defendant on probation, it is required as a condition of that probation to order payment to the victim of restitution for direct losses caused by the offense. La. C.Cr.P. arts. 895A(7) and 895.1.
In ordering restitution, the trial judge has discretion and his decision will not be disturbed absent an abuse of this discretion. State v. Peters, 611 So.2d 191, 192 (La.App. 5 Cir.1992). However, the amount of restitution must be a reasonable sum that does not exceed the actual pecuniary loss to the victim. La. C.Cr.P. art. 895.1(A). In reviewing excessive sentence assignments, the sentence imposed will not be set aside absent a showing of manifest abuse of the trial court’s wide discretion. State v. Lobato, 603 So.2d 739 (La.1992). In the instant case, defendant acknowledged that restitution was part of his plea agreement and further indicated his understanding that a restitution hearing would be held. Faith May testified, and corroborating evidence showed that work paid for, but not completed by defendant’s company, totaled $21,993.92. May and her husband then personally paid that amount to another contractor to complete construction on their home. Accordingly, we find that the trial court did not err in awarding $21,993.92 in restitution to May. Gerado Pampin testified at the restitution hearing that- he personally paid a lien of $6,000.00 filed by All Seasons, an unpaid ^subcontractor.[8] Defendant admitted that he had not paid All Seasons and that he had encouraged All Seasons to file a lien on Pampin’s property. The testimony regarding payment of the lien was not contradicted by defendant. Based upon our review of the record, we find that the trial court did not err in awarding $6,000.00 to Pampin. .
*730 We find no merit in defendant’s assignment of error.

ERRORS PATENT DISCUSSION

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990). We find no errors that require corrective action.

CONCLUSION

For the foregoing reasons, defendant’s convictions and sentences for theft valued at over $1,500.00 are hereby affirmed.

CONVICTIONS AND SENTENCES AFFIRMED.

. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

. Restitution for count three, pertaining to victim Carolyn Springman, is not before us on appeal.

. Compare to State v. Puzzio, 08-484 (La.App. 5 Cir. 11/12/08), 1 So.3d 540, wherein the defendant pled guilty to theft and agreed to restitution as a part of his sentence, but appealed the amount of restitution ultimately imposed. In Puzzio, as in the instant case, the defendant had been advised upon pleading guilty that the sentence would include restitution following a hearing, but no specific amount of restitution was agreed to as part of the plea.

. A copy of the contract, along with various documents referred to in May’s testimony was introduced into evidence..

. This amount of “overpayment” was provided to Mays by Solutient in a letter dated December 16, 2009, following a site visit to the property by an Assistant Project Manager for Walton Construction and a Regulatory Director for the City of Harahan.

. May clarified that she had filed a civil lawsuit and obtained a judgment against defendant’s company, EPCO, which subsequently sought bankruptcy protection.

. As itemized and totaled in his civil petition against EPCO, Pampin claims that he was required to pay $47,727.68 for building materials "out of pocket.”

. The record in this case shows that Pampin alleged a far greater amount of damages caused by defendant thán the $6,000.00 that was actually ordered as restitution. As explained by the trial court during defendant’s sentencing, "Clearly the Court feels there [sic] at the hearing prima facie evidence of potential damages that would be recoverable in civil litigation. However, again, the Courts treat restitution different than damages recoverable in civil litigation.” (R., p. 166). We find that the exclusion of Pampin's potential .civil damages as part of restitution by the trial court in this case to be proper. See State v. Diaz, 615 So.2d 1336, 1337 (La.1993).