535 So.2d 535 (1988)
STATE of Louisiana
v.
James Randolph BONNETT.
No. CR88-326.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1988.
*536 John N. Samaha, Baton Rouge, for defendant-appellant.
Michelle Jackson, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and YELVERTON, JJ.
DOMENGEAUX, Judge.
On November 2, 1987, the defendant, James Randolph Bonnett, pleaded guilty to distribution of cocaine, a violation of La.R. S. 40:967(A)1. On November 6, 1987, he was sentenced to serve a term of nine years at hard labor, and has appealed his conviction raising three assignments of error.

FACTS
The defendant was charged by bill of information with distribution of cocaine. In between the time the defendant was charged, and the time that he pled guilty pursuant to a plea bargain, numerous delays occurred, at least some of which were necessitated by an accident in which the defendant was seriously injured. After much delay the defendant entered into a plea agreement with the prosecution whereby he agreed to plead guilty to the charged crime and accept a nine year prison term, in exchange for the State's agreement to nolle pros several other charges against him.
This appeal concerns the defendant's attempt to challenge the constitutionality of this guilty plea.

ASSIGNMENT OF ERROR NO. 1
The defendant argues that he should have been permitted to withdraw his guilty plea because the plea was involuntary and based on intimidation.
During the motion to withdraw his guilty plea, the defendant testified that, on the day he was scheduled to go to trial, he believed that he was coming to court to argue pretrial motions. He also stated that his attorney had not properly informed him of the terms of the plea bargain. The defendant stated that he had wanted to consult with his stepfather about what he should do but that things happened too fast. However, the defendant admitted that he had pled guilty to two prior convictions, that he had been through proceedings similar to those in the instant case, and that he understood those proceedings.
The defendant was questioned regarding his claim that he believed he was scheduled to argue pretrial motions on November 2, 1987. The Trial Judge pointed out that if there was any misunderstanding it arose from the fact that the defendant had not read the subpoena.
The defense counsel, David Balfour, testified that the defendant's stepfather was present when the defendant was told of the proposed plea bargain and that Balfour explained the terms in detail. Balfour felt *537 that the defendant was intelligent, literate and understood the proposed agreement. After the discussion with Balfour, the defendant spent the lunch hour with his stepfather, and upon returning, stated that he accepted the deal.
La.C.Cr.P. art. 559 provides that the Court may permit a guilty plea to be withdrawn any time before sentencing. The Louisiana Supreme Court has consistently held that discretion to permit a guilty plea to be withdrawn is vested in the Trial Judge. That discretion, however, cannot be exercised arbitrarily and an abuse of discretion can be corrected on appeal. State v. Jenkins, 419 So.2d 463 (La.1982); State v. Johnson, 406 So.2d 569 (La.1981).
Although the defendant now argues that he was mentally unprepared for trial and that he did not know what was happening when he accepted the guilty plea, the evidence does not support his contention. The plea colloquy in the record shows that the defendant was fully informed of the constitutional rights he was waiving by pleading guilty. The defendant admitted his guilt and stated that he was satisfied with his attorney's performance. The record also shows that the defendant had pleaded guilty twice before and, in those proceedings, waived his constitutional rights. The defendant admitted that he understood those proceedings. The defendant's attorney told the Court that the defendant was told of the plea agreement. Finally, the Court questioned the defendant regarding his misunderstanding of the subpoena and brought out the fact that this confusion was solely attributable to the defendant's misreading of the subpoena.
The Trial Court denied the defendant's motion to withdraw his guilty plea because the Court determined that the defendant understood what he was doing and voluntarily waived his constitutional rights. The record supports this finding by the Trial Court. We find no abuse of discretion in this ruling.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
The defendant contends that the Trial Court erred in accepting his guilty plea without establishing a factual basis for this plea. The record reflects that the Trial Judge asked the defendant whether he was pleading guilty because he was, in fact, guilty, and the defendant stated that he was, in fact, guilty.
Although a standard guilty plea includes an express admission of guilt, it is not a constitutional prerequisite to the imposition of a sentence. A defendant may voluntarily knowingly and understandingly consent to the imposition of a sentence even though he is unwilling to admit participation in the acts constituting the crime. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); State v. Oliver, 478 So.2d 159 (La.App. 4th Cir.1985); State v. Thomas, 434 So.2d 530 (La.App. 2nd Cir. 1983).
Here, the defendant admitted to committing the charged crime. The Trial Judge did not get a statement of the details of the offense and these details are not warranted under the Constitution.
We find no error by the Trial Court in accepting the defendant's guilty plea without a detailed factual basis.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
By this assignment of error, the defendant argues that the Trial Court erred in failing to articulate reasons for sentence under La.C.Cr.P. art. 894.1.[1]
*538 The defendant pleaded guilty pursuant to an agreement with the State whereby he was to receive a specific sentence. The Trial Court was apprised of the agreement and imposed the agreed upon sentence without articulating reasons. It is now well settled that where a specific sentence has been agreed to pursuant to a plea agreement, that sentence cannot be appealed as excessive and there is no need for the Trial Judge to give reasons for sentence as normally required under article 894.1. State v. Bell, 412 So.2d 1335 (La.1982); State v. Edwards, 434 So.2d 395 (La.1983); State v. Curry, 400 So.2d 614 (La.1981).
This assignment of error lacks merit.
For the foregoing reasons the conviction and sentence of the defendant is affirmed.
AFFIRMED.
NOTES
[1] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statues. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.