| PEATROSS, J.
Defendant, Ontario Samuels, was charged with two counts of battery of a corrections officer, violations of La. R.S. 14:34.5(B)(2) punishable by a fine of not more than $1,000, and imprisonment with or without hard labor for no less than one to no more than five years, to be served without benefit of probation, parole or suspension of sentence. Defendant originally pled not guilty to both counts.
On September 23, 2002, Defendant, represented by counsel, appeared in open court and announced a plea agreement, wherein Defendant agreed to withdraw his prior pleas of not guilty and to plead guilty to both counts, with five year sentences for each count. The two five-year sentences were to run concurrent with each other, but consecutive to any other sentence(s) Defendant may have been serving. In exchange, the State agreed not to file a multiple offender bill against Defendant.
The trial court fully advised Defendant of his constitutional rights and ascertained that Defendant was waiving these rights prior to accepting his guilty plea. Defendant waived sentencing delays, and the trial court sentenced Defendant to the agreed-upon sentence of five years hard labor for each count, to run concurrent with each other, but consecutive to any other sentence that the defendant was serving.
Appellate defense counsel filed a brief with this court seeking to withdraw as counsel of record and notifying this court that, after a conscientious and thorough review of the record, she found no non- *94 frivolous issues to raise on appeal, nor any trial court ruling which arguably supports the appeal. This court does not require counsel to assign or brief ^errors which are considered frivolous. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990).
On December 23, 2002, this court issued an order holding the motion to withdraw in abeyance and notifying Defendant that he may file a brief within 30 days of the order. The 30-day period has lapsed and Defendant has not requested the record and has made no filing with this court.
Defendant’s counsel has complied with the requirements of the above-cited cases to posture Defendant’s appeal for our independent review of the record which contains the trial court minutes, the bill of information, Defendant’s motion for discovery and the transcripts of Defendant’s guilty plea and sentencing. We have examined the record for any arguable substantive or procedural infirmity in the proceedings and for errors patent. Our independent review disclosed no issues or rulings which arguably support an appeal. The trial court transcripts reveal that there was a factual basis for the guilty plea, that Defendant was properly advised of his rights and that he agreed to concurrent sentences of five years. Where a specific sentence or sentence cap has been agreed to as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive and there is no need for the trial judge to give reasons for the sentence as required by La. C.Cr.P. art. 894.1. State v. Bonnett, 535 So.2d 535 (La.App. 3d Cir.1988), writ denied, 541 So.2d 869 (La.1989).
13As previously stated, and as mandated by Anders, supra, we have also examined the record for errors patent. Our review reveals that the minutes and sentencing transcript do not show that Defendant was given credit for time served. Failure to give credit for time served, which is mandated by La.C.Cr.P. art. 880, is error patent and may be corrected by an appellate court under art. 882 without remanding for re-sentencing. State v. Sweet, 575 So.2d 937 (La.App. 2d Cir.1991); State v. Trahan, 520 So.2d 789 (La.App. 3d Cir. 1987), writ denied, 532 So.2d 172 (La.1988).
In the case sub judice, the offense occurred while Defendant was incarcerated on another charge. Defendant is entitled to credit for time served, subsequent to the commission of the instant offense, to the extent that the time served has not been credited against the sentence for any other offense. La.C.Cr.P. art. 882; State v. Jefferson, 33,333 (La.App.2d Cir.5/10/00), 759 So.2d 1016, writ denied, 00-1945 (La.9/21/01), 797 So.2d 59; State v. Jackson, 582 So.2d 915 (La.App. 2d Cir. 1991). We hereby amend Defendant’s sentence accordingly.

CONCLUSION

For the foregoing reasons, the motion to withdraw is granted and Defendant’s convictions of battery of a corrections officer are affirmed. Defendant’s sentence is amended to reflect credit for time served. In all other respects, Defendant’s sentences are affirmed.
CONVICTIONS AFFIRMED; SENTENCES AMENDED TO REFLECT CREDIT FOR TIME SERVED; IN ALL OTHER RESPECTS, SENTENCES AFFIRMED.