JjDREW, J.
The state charged Printis Scott with one count of carnal knowledge of a juvenile, a violation of La. R.S. 14:80, punishable by not more than ten years’ imprisonment with or without hard labor plus an optional fine. The state agreed to reduce the charge to attempted carnal knowledge and to refrain from charging defendant as an habitual offender in exchange for defendant’s guilty plea to the amended charge. After informing the defendant that the sentence would be five years, the court accepted his guilty plea and imposed the agreed sentence of five years at hard labor. The trial court denied a timely motion for reconsideration. Scott argues the sentence is excessive and the trial court erred in failing to state that defendant would receive credit for time served. We find no merit to the assigned errors and affirm.
The scant matters of record show that during May and June 2002, the defendant, then 18, engaged in sexual intercourse with a female who was 14 years of. age. Although the prosecution’s counsel attempted to interject more facts into the brief, this court will not consider references to evidence which is not part of the record on appeal. State v. Pratt, 32,302 (La.App.2d Cir.9/22/99), 748 So.2d 25.
Contrary to the trial court’s statement to the defendant during the guilty plea that he could appeal his agreed *1187 sentence, the jurisprudence holds that where a specific sentence or sentence cap has been agreed to as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive, and there is no need for the trial judge to give reasons for the sentence as required by La. C. Cr. P. art. 894.1. State v. Samuels, 37,099 (La.App.2d Cir.5/14/03), 847 So.2d 93; State v. Bonnett, 535 So.2d 535 (La.App. 3d Cir.1988), writ denied, 541 So.2d 869 (La.1989). Here, prior to tendering his guilty plea, the defendant stated he understood that his plea would result in the imposition of a five-year sentence. Thus, he may not now complain on appeal that his agreed sentence is excessive.
However, even if we were to examine the sentence for constitutional ex-cessiveness, we would find no error. A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest' abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.
Here, the assistant district attorney’s bare-bones recitation of the bill of information as a factual basis indicates that the defendant committed the completed offense of felony carnal knowledge of a juvenile. Thus, his guilty plea to the attempt thereof does not adequately describe his conduct. The plea bargain, insofar as it reduced the seriousness of the charge, also reduced defendant’s sentencing exposure by one-half. The state’s further ^agreement not to seek sentence enhancement under the habitual offender law also greatly reduced defendant’s sentencing exposure.
On this record, we do not find constitutional error. Defendant has a prior conviction for possession of CDS. Therefore, he is a second felony offender. The sentence imposed is lawful and is neither grossly disproportionate to the severity of the offense of conviction nor shocking to our sense of justice. There is no showing of an abuse of the district court’s discretion in the imposition of this sentence, which is not excessive.
The 1997 amendment to La. C. Cr. P. art. 880 is designed to make credit for prior custody self-operating even on a silent record. Thus, there is no need for the sentencing court to reference credit for time served. State v. Ignot, 29,745 (La.App.2d Cir.8/24/97), 701 So.2d 1001, writ denied, 99-0336 (La.6/18/99), 745 So.2d 618.
The conviction and sentence are AFFIRMED.