STEPHEN J. WINDHORST, Judge,
^Defendant, Zachary S. Runnels, appeals . his conviction and sentence for armed robbery of John Segari (count two).[1] For the reasons that follow, we affirm defendant’s conviction and sentence and remand for correction-.of the commitment.
Facts
On June 11, 2012, defendant withdrew his plea of not guilty, and pled guilty to armed robbery of John Segari (count two). During the plea colloquy, the State *1248 | ¡¡provided the following factual basis for defendant’s guilty plea: ‘Your honor, the State would show that on April 2, 2011, Zachary Runnels and Ryan Jaufre did rob John Segari, an employee at the Contem-pra Inn using a handgun, and that was in Jefferson'Parish.” Defendant was sentenced to imprisonment at hard labor for twenty-five years without, benefit of parole, probation, or suspension of sentence.
Assignment of Error One
In his first assignment of error, defendant contends that. defense counsel was ineffective for failing to (1) offer the audio recording of, defendant’s confession into evidence at the suppression hearing; (2) call defendant’s mother, Lisa Runnels, as a witness during the suppression hearing; (3) subpoena Ms. Runnels’ phone records; and (4) place on the record the facts of the crime and the personal history of the accused for sentencing purposes. , •
A- claim for ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief, filed in the trial court where a full evidentiary hearing can be conducted, rather than on direct appeal. State v. Francois, 13-616 (La.App. 5 Cir. 01/31/14), 134 So.3d 42, 58, writ denied, 14-431 (La.09/26/14), 149 So.3d 261. However, when the "record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. Id. at 58. The record contains sufficient evidence to rule on the merits of defendant’s claim.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article 1, § 13 of the Louisiana Constitution. State v. Johnson, 08-1156 (La.App. 5 Cir. 04/28/09), 9 So.3d 1084, 1092, writ denied, 09-1394 (La.02/26/10), 28 So.3d 268. A claim of ineffective assistance of counsel must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). State v. Ott, 12-111 (La.App. 5 Cir. 10/16/12), 102 So.3d 944, 953; State v. Dabney, 05-53 (La.App. 5 Cir. 06/28/05), 908 So.2d 60, 63. Under the Strickland test, the defendant must show: (1) that defense counsel’s performance was deficient; and (2) that the deficient performance prejudiced the defendant. State v. Griffin, 14-450 (La.App. 5 Cir. 12/16/14), 167 So.3d 31, 48. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. A reasonable probability is a probability sufficient'to'undermine confidence in the outcome. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Griffin, 167 So.3d at 48.
In order to prevail, the defendant must overcome a strong presumption that defense counsel’s conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. An alleged error that is within the ambit of trial strategy does not establish ineffective assistance of counsel because “opinions may differ on the advisability of such a tactic.” State v. Wise, 13-247 (La.App. 5 Cir. 11/19/13), 128 So.3d 1220, 1230, writ denied, 14-253 (La.09/12/14), 147 So.3d 703.
Defendant contends that he informed defense counsel that, during his taped confession, a detective was whispering in his ear and the whispering may have *1249 been audible on the recording. Defendant argues that if defense counsel had offered the recording into evidence, and it had revealed whispering that supported his claim, then the result of the suppression hearing would have been different. Although defendant testified at the suppression hearing that Detective Gray told- him what to say in “a lot of parts” of his statement, defendant did not testify that a detective whispered in his ear during the recorded statements.
| ¡¡Defendant also contends that defense counsel failed to present the testimony of Ms. Runnels to show that defendant had a lawyer when he made his statement to police. However, this information was presented at thé suppression hearing. Although defense counsel did not call Ms. Runnels to testify, defendant testified that during his statement, he informed the officer that he had an attorney and he wanted to speak to his attorney.
Defendant further claims that defense counsel should have subpoenaed Ms. Runnels’ phone records to show there were numerous phone calls between Ms. Runnels and Detective Gray. A review of the record shows that this issue was not in dispute. During the suppression hearing, Detective Gray testified there were numerous phone calls between him and Ms. Runnels.
Defense couftsel’s actions as' described by defendant regarding pre-trial representation fell within the ambit of trial strategy. See State v. Seals, 09-1089 (La.App. 5 Cir. 12/29/11), 83 So.3d 285, 328-329, writ denied, 12-293 (La.10/26/12), 99 So.3d 53, cert. denied, — U.S. -, 133 S.Ct. 2796, 186 L.Ed.2d 863 (2013). Accordingly, defendant has not' demonstrated that, but for defense counsel’s alleged unprofessional conduct regarding pre-trial representation, the outcome would have been different.
Defendant also contends that defense counsel was ineffective for failing to present the facts of the crime and defendant’s personal history 'during sentencing. Where a specific sentence has been agreed to as-a consequence'of a .plea, bargain, there is. no need for the trial, court to comply with Louisiana Code of Criminal Procedure article 894.1C. State v. Wiggins, 13-649 (La.App. 1 Cir. 01/31/14), 139 So.3d 1, 4; State v. Scott, 38,901 (La.App. 2 Cir. 09/22/04), 882 So.2d 1185, 1186-87.
IrA review of the transcript of defendant’s guilty'plea and the waiver of rights form indicates - that defendant is seeking review of a sentence imposed in conformity with a plea agreement set forth in the record at the time of the plea. Accordingly, there was no need for the trial court to comply with La. C.Cr.P: art. 894.1C. Defendant did not demonstrate that, but for counsel’s alleged unprofessional conduct at sentencing, the outcome would have been different.
. Considering the foregoing, defendant’s first assignment of error is without merit.
Assignment of Error Two
In his second assignment of.error, defendant contends that he did not receive the agreement he bargained for and the State should be required to honor the. oral agreement between an officer and defendant that he would be allowed to enter drug court in exchange for his cooperation.
The relevant portions of the transcripts of the suppression hearing reflect that Detective Cedric Gray of the Jefferson Parish Sheriffs Office testified that defendant signed a waiver of rights form, which stated defendant was not promised anything and no one had threatened him. Detective Gray also testified that he did not make any promises to defendant in exchange for his statement.
*1250 Defendant testified that when he informed Detective Gray that he had an attorney, Detective Gray mentioned drug court. Defendant also testified that he spoke to another unidentified officer that he described as “a little-short-whit'e guy.” According to defendant, this officer informed him that he spoke to the District Attorney and to defense counsel, and if he madé a statement, the District Attorney would' allow him to participate in drug court. The unidentified officer told him that there was someone with ten armed robberies who cooperated and was allowed to participate in drug court. Defendant also testified that Detective Gray informed 17him that he could not make any deal unless defendant continued with his statements. Defendant further testified that Detective Gray told him what to say in “a lot of parts” of his statement.
During rebuttal, Detective Gray testified that he did not tell defendant he would be able to participate in drug court if he provided a statement. Detective David Canas, the arresting officer, testified that he did not question defendant. He also testified that he did not tell defendant that in exchange for his statement that he would talk to the District Attorney and defendant would be allowed to participate in drug court.
A plea bargain is viewed as a contract between the State and one accused of a crime. State v. Mitchell, 08-629 (La.App. 5 Cir. 01/13/09), 7 So.3d 744, 751, writ denied, 09-254 (La.10/30/09), 21 So.3d 270 (citing State v. Roberts, 07-493 (La.App. 5 Cir. 11/27/07), 973 So.2d 791, 794). In determining the validity of agreements not to prosecute or of plea agreements, Louisiana courts generally refer to rules of contract law, while recognizing at the same time that a criminal defendant’s constitutional right to fairness may be broader than- his or her rights under contract law. Mitchell, supra (citing State v. Louis, 94-0761 (La.11/30/94), 645 So.2d 1144, 1148; Roberts, supra).
The first step under contract law is to determine whether a contract was formed in the first place through offer and acceptance. Id. The party demanding performance of a contract has' the burden of proving its existence. Mitchell, 7 So.3d at 751 (citing Louis, 645 So.2d at 1149).
Defendant failed to prove that there was a plea agreement between the State and defendant wherein he would be allowed to participate in drug court. Although defendant testified that Detective Gray promised he would be able to participate in drug court in exchange for providing a statement, Detective Gray denied this in his prebuttal testimony. In addition, defendant was unable to identify the other officer who allegedly promised him participation in drug court. Detective Ca-nas also testified that he did not question defendant or state that defendant would be able to participate in drug court.
Moreover, defendant does not allege that the District Attorney’s Office directly promised him that he would be allowed to participate in drug court. Instead, defendant maintains that he entered into an agreement with a police officer. The district attorney is the only official with the authority to engage in a plea bargain on behalf of the State. State v. Perrilloux, 99-1314 (La.App. 5 Cir. 05/17/00), 762 So.2d 198, 202; State v. Howard, 448 So.2d 150, 154 (La.App. 1 Cir.1984), writ denied, 449 So.2d 1355 (La.1984); State v. Cinel, 619 So.2d 770, 775 (La.App. 4 Cir.1993), writ denied, 629 So.2d 369 (La.1993), cert. denied, 511 *1251 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 71 (1994).
The record reveals that defendant did not enter into an agreement with the district attorney. Accordingly, defendant failed to prove that the State entered into an agreement with him. Defendant’s second assignment of error is without merit.
Assignment of Error Three
In his third assignment of error, defendant contends his sentence was excessive considering he was “high” on drugs during the robbery and he did not have the gun.
A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C.Cr. P. art. 881.2A(2); State v. Reed, 10-527 (La.App. 5 Cir. 02/15/11), 61 So.3d 74, 78, writ denied, 11-509 (La.09/30/11), 71 So.3d 280; State v. Cross, 06-866 (La.App. 5 Cir. 04/11/07), 958 So.2d 28, 30. Therefore, a defendant is precluded from raising a claim of excessiveness on appeal when the | flimposed sentence is the product of a plea agreement. Reed, supra (citing State v. Jones, 05-840 (La.App. 5 Cir. 03/28/06), 927 So.2d 514, 528).
The record reflects that defendant was sentenced to imprisonment at hard labor for twenty-five years without benefit of parole, probation, or .suspension of sentence for armed robbery,.in violation of La. R.S. 14:64 (count two). By the waiver of rights form and the colloquy, defendant was informed of and acknowledged that he understood the sentence that he would receive. Defendant’s sentence was imposed pursuant to- .a voluntary plea agreement and he is,therefore precluded from raising this issue on appeal.[2] Defendant’s third assignment of error is without merit.
Alignment of Error Four
In his fourth assignment of error, defendant contends that his statement should have been suppressed because he requested an attorney.
A plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea. State v. Crosby, 338 So.2d 584, 586 (La.1976). However, a defendant may be allowed appellate review if, at.the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. State v. Turner, 10-995 (La.App. 5 Cir. 09/27/11), 75 So.3d 491, 492, writ denied, 11-2379 (La.04/27/12), 86 So.3d 625 (citing Reed, 61 So.3d at 77). Under Crosby, supra, a defendant may reserve his right to appeal a prior adverse ruling of the trial court. State v. Richardson, 09-714 (La.App. 5 Cir. 02/09/10), 33 So.3d 903, 906-07, writ denied, 10-526 (La.10/15/10), 45 So.3d 1109.
Defendant entered an unqualified guilty plea. The signed waiver of rights form and colloquy in the trial court ape void of any suggestion that the guilty plea|inwas made subject to the reservation of appellate review of the trial court’s denial of defendant’s motion to suppress his statements. A defendant’s failure to reserve the right to appeal under Crosby, supra, at the time he enters his guilty plea precludes his right to appeal the trial court’s ruling on a motion to suppress. *1252 Turner, 75 So.3d at 493 (citing Richardson, 33 So.3d at 907). Defendant did not tender his guilty plea pursuant to Crosby, supra: therefore, he waived his right to appellate review of the trial court’s denial of his motion to suppress statement. Defendant’s fourth assignment of error is without merit,
Error Patent Discussion
The record was reviewed for errors patent, according to the mandates of La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). One error patent requires corrective action.
The record reveals a conflict between the transcript and the State of Louisiana Uniform Commitment Order. The uniform commitment order incorrectly reflects the offense date as April 7, 2011, which is the date defendant, was arrested. The record reflects that the offense was committed on April 2, 2011.
Therefore, we remand this matter for correction of the uniform commitment order regarding the offense date. The Clerk of Court is ordered to transmit the original of the corrected uniform commitment order to the officer in charge of the institution to' which 'defendant; has been sentenced and the Department of Corrections’ legal department. State v. Lyons, 13-564 (La.App. 6 Cir. 01/31/14), 134 So.3d 36, writ denied, 14-481 (La.11/07/14), 152 So.3d 170. We further order that, in addition to the record copy, a separate copy of this opinion be 'delivered to the Clerk of Court of the Twenty-Fourth Judicial District Court for the Parish of Jefferson.
In Conclusion
For, the reasons stated above, defendant’s conviction and sentence are affirmed and this matter is remanded for correction of the commitment.
CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR CORRECTION OF COMMITMENT

. Defendant was charged by a bill of information with armed robbery of Joshua Harmeyer (count one) and armed robbery of John Se-gari (count two), in violation of La. R.S. 14:64. Co-defendant, Ryan. Jaufre, was also charged with two counts of armed robbery in the same bill of information as defendant. On February 28, 2012, the State dismissed count one as to defendant and co-defendant.

. Further, defendant's conviction for armed robbery was punishable by imprisonment at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:64B. Accordingly, defendant’s sentence was within the applicable sentencing range.