JOHNSON, J.
Defendant, Bernard R. Williams a/k/a Bernard Bradley, appeals his convictions for possession of a firearm by a convicted felon and obstruction of justice from the 24th Judicial District Court, Division "J".
*1262 For the following reasons, we affirm Defendant's convictions and sentences and remand the matter for correction of the uniform commitment order. Furthermore, we grant appellate counsel's motion to withdraw.
FACTS AND PROCEDURAL HISTORY
On November 16, 2016, the Jefferson Parish District Attorney filed a bill of information charging Defendant with possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1 (count one),[1] and obstruction of justice, in violation of La. R.S. 14:130.1 (count two), in district court case number 16-4704. The bill of information alleged that on or between July 21, 2016 and July 26, 2016, in Jefferson Parish, Defendant violated La. R.S. 14:95.1 by possessing a firearm after having been previously convicted three times of possession of cocaine, in violation of La. R.S. 40:967(C). The State alleged that Defendant's prior convictions occurred on August 3, 2009, in district court case number 08-5286, in Division "G" of the 24th Judicial District Court; on August 24, 2007, in district court case number 07-1644, in Division "B" of the 24th Judicial District Court; and on May 12, 2006, in district court case number 06-1976, in Division "A" of the 24th Judicial District Court (count one). It further alleged that on July 26, 2016, in Jefferson Parish, Defendant obstructed justice by tampering with evidence in the murder investigation of Darnell Washington by removing the murder weapon, a semi-automatic handgun, from the scene of the crime when he knew it was relevant to the criminal investigation (count two). On November 30, 2016, Defendant pleaded not guilty at his arraignment.
On August 2, 2017, the trial court heard Defendant's motion to suppress evidence and statement. The hearing was held open and continued until August 7, 2017. On August 7, 2017, Defendant's motion to suppress evidence and statement was denied. On August 9, 2017, Defendant filed a motion in limine to exclude testimony at trial regarding his alleged involvement in a murder. On September 20, 2017, the trial court heard and denied Defendant's motion in limine .
On October 11, 2017, Defendant withdrew his pleas of not guilty and tendered pleas of guilty as charged on both counts.[2] On the same date, in accordance with the plea agreement, the trial court sentenced Defendant to 20 years imprisonment in the Department of Corrections[3] without the benefit of parole, probation or suspension of sentence (count one) and to 20 years imprisonment in the Department of Corrections (count two) to run concurrently with each other[4] and with the sentences in *1263 district court case numbers 16-6804 and 17-2694.
On November 9, 2017, Defendant filed a pro se "Motion to Reconsider the Imposed Sentence and Contradictory Hearing," arguing that his sentences were excessive and the trial court failed to comply with La. C.Cr.P. art. 894.1. Also on that date, Defendant filed a pro se notice of appeal and designation of record. On November 29, 2017, the trial judge denied Defendant's pro se motion to reconsider his sentences and granted Defendant's notice of appeal. The instant appeal followed.
ASSIGNMENTS OF ERROR
Through counsel, Defendant seeks review of his convictions and sentences in conformity with the procedures outlined in State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ). In his pro se assignment of error, Defendant alleges the trial court erred in denying his motion to suppress evidence.
LAW AND ANALYSIS
Anders Brief
Under the procedure adopted by this Court in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[5] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and Jyles , supra , appointed counsel requests permission to withdraw as counsel of record.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. State v. Bradford , 676 So.2d at 1110.
In this case, Defendant's appellate counsel has complied with the procedures for filing an Anders brief. Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel notes that the trial court denied Defendant's pretrial motions, but Defendant did not reserve his right of review of these motions and entered unqualified pleas of guilty. Thus, counsel notes that Defendant is precluded from arguing that the trial court erred in the pretrial rulings since he has waived any pre-plea non-jurisdictional defects.
Counsel asserts that Defendant was advised of the necessary rights during the guilty plea colloquy and his answers during the colloquy indicate that a knowing and intelligent waiver of his rights occurred. She states that Defendant acknowledged he understood what constituted the crime of obstruction of justice, and the trial court explained to him that it was illegal for a person previously convicted of certain crimes to carry a weapon. Counsel avers that Defendant was advised of the sentencing ranges to the charges to which he was pleading, and he indicated that his pleas were free and voluntary. She notes that Defendant was sentenced in conformity with the plea agreement, and thus, he cannot claim his sentences are excessive. Counsel suggests that there appears to be no basis to support a claim that Defendant's pleas were constitutionally infirm.
*1264 Nevertheless, in an abundance of caution, appellate counsel requests that Defendant's convictions and sentences be set aside. In addition to her brief, appellate counsel has filed a motion to withdraw as attorney of record for Defendant on the basis that she has conducted a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal and no rulings of the trial court that arguably support the appeal.
This Court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appellate record. Our review supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
We particularly note that the record reveals no constitutional infirmities or irregularities in Defendant's guilty pleas that would render them invalid. The transcript of the guilty plea proceeding and the acknowledgement and waiver of rights form show that Defendant was aware of the nature of the charges against him, that he was properly advised of his Boykin rights, including the right to a jury trial, the right to confrontation, and the privilege against self-incrimination, and that he understood he was waiving these rights by pleading guilty.
In addition, the trial court correctly informed Defendant of the maximum possible penalty for obstruction of justice and the potential fine.[6] Although Defendant was not informed of the mandatory minimum penalty he faced or the restrictions of benefits for possession of a firearm by a convicted felon, he was sufficiently advised that he faced a maximum term of imprisonment of 20 years and a maximum fine of $5,000.[7] Even though the trial judge did not advise Defendant of the actual sentences to be imposed during the colloquy, we find that Defendant was advised of the actual sentences he would receive on both counts via the waiver of rights form, and he received those sentences for sufficient compliance with La. C.Cr.P. art. 556.1. See State v. Martin , 17-558 (La. App. 5 Cir. 3/14/18), 242 So.3d 1236 n. 4. The waiver of rights form includes handwritten notations of each of Defendant's sentences and his initials beside a provision indicating that he understood that he would receive a 20-year sentence in the Department of Corrections without benefit of probation, parole, or suspension of sentence for his conviction of La. R.S. 14:95.1 and 20 years in the Department of Corrections for his conviction of La. R.S. 14:130.1.
Further, during the guilty plea colloquy, Defendant informed the trial court that he was satisfied with the representation of his counsel and that no one forced or threatened him into entering the guilty pleas. After the colloquy with Defendant, the trial court accepted his guilty pleas as knowingly, intelligently, freely, and voluntarily made.
With regard to Defendant's sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
*1265 State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Here, Defendant's sentences were imposed in accordance with the terms of the plea agreement set forth in the record at the time of the pleas. Furthermore, Defendant's sentences fall within the sentencing ranges prescribed by the statute. See La. R.S. 14:34.2(B)(2) and (3).
Based on the foregoing, we find that Defendant's guilty pleas and the sentences imposed pursuant to the plea agreement do not present any issues for appeal.
Denial of Motion to Suppress
In his only pro se assignment, Defendant alleges that the trial court erred in denying his motion to suppress evidence that was illegally seized. Defendant asserts that his guilty pleas were premised upon him being able to argue the denial of his motion to suppress on appeal. He contends that his counsel vigorously argued the motion to suppress at the suppression hearing, and the evidence illegally obtained was the only evidence the State had against him. He states that during the guilty plea proceeding, he pleaded guilty because it was in his "best interest" in accordance with the language in State v. Crosby , 338 So.2d 584 (La. 1976). He asserts that, despite pleading guilty because it was in his "best interest," his appellate counsel has filed a motion to withdraw as counsel of record, which he claims was not contemplated by the plea bargain and invalidates his pleas as a result. Therefore, Defendant asserts that he be allowed to appeal the denial of his motion to suppress or the plea agreement be deemed invalid and the case remanded for further proceedings.
As previously mentioned, on August 2, 2017, the trial court heard Defendant's motion to suppress evidence and statement. On August 7, 2017, Defendant's motion to suppress evidence and statement were denied. On October 11, 2017, Defendant entered unqualified pleas of guilty to the felony charges of possession of a firearm by a convicted felon (count one) and obstruction of justice (count two), and all non-jurisdictional defects were waived. Defendant did not preserve any pretrial issues for appellate review under Crosby , supra . A guilty plea normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea proceedings and precludes review of such defects either by appeal or post-conviction relief. State v. Aguilar , 14-714 (La. App. 5 Cir. 1/14/15), 167 So.3d 862, 865.
During the colloquy, Defendant stated that he was pleading guilty because it was in his "best interest" to do so. However, the record does not reflect that this was a plea pursuant to North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The "best interest" or Alford plea is one in which a defendant pleads guilty while maintaining his innocence. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1122. Although Defendant agreed that the pleas were in his "best interest," he also admitted his guilt in this matter. Further, there was no mention of Alford in the waiver of rights form or during the colloquy. Therefore, although Defendant stated during the colloquy that the pleas were in his "best interest," Defendant did not enter an Alford plea.
Nonetheless, Defendant confuses the "best interest" or Alford plea with a Crosby plea as he seeks this Court's review of the trial court's denial of the motion to suppress evidence. A defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. Crosby , supra ; State v. King , 99-1348 (La. App. 5 Cir. 5/17/00), 761 So.2d 791, 793, writ denied , 00-1824 (La. 6/29/01), 794 So.2d 822. Under Crosby , a defendant may reserve his right to appeal a prior adverse ruling of the trial *1266 court.[8] State v. Richardson , 09-714 (La. App. 5 Cir. 2/9/10), 33 So.3d 903, 906, writ denied , 10-0526 (La. 10/15/10), 45 So.3d 1109.
In State v. Runnels , 15-172 (La. App. 5 Cir. 12/23/15), 182 So.3d 1245, 1251-52, the defendant argued on appeal that his statements should have been suppressed after entering an unqualified guilty plea. Upon review of the record, this Court found that the signed waiver of rights form and the colloquy with the trial court were void of any suggestion that the guilty plea was made subject to the reservation of appellate review of the trial court's denial of the defendant's motion to suppress his statements. This Court noted that a defendant's failure to reserve the right to appeal under Crosby , supra , at the time he entered his guilty plea, precluded his right to appeal the trial court's ruling on a motion to suppress. This Court held that the defendant did not tender his guilty plea pursuant to Crosby , supra , and therefore, he waived his right to appellate review of the trial court's denial of his motion to suppress statements.
Accordingly, we find, as in Runnels , Defendant in this matter entered unqualified pleas of guilty, and the record is devoid of any mention, including in the signed waiver of rights form or the transcript of the guilty plea colloquy, that Defendant sought to enter his pleas under Crosby , supra , at the time he entered them. Consequently, we find that Defendant's failure to reserve the right to appeal the denial of his motion to suppress evidence under Crosby , supra , at the time he entered his guilty pleas has precluded his right to appeal the trial court's ruling. See Runnels , supra .
Errors Patent Review
Defendant requests an error patent review; however, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990), regardless of whether Defendant makes such a request.
The State of Louisiana Uniform Commitment Order (UCO) incorrectly reflects the dates of Defendant's offense on count one as "7/21/2016, 07/26/2016." However, the bill of information reflects the offense date of count one was on or between July 21, 2016 and July 26, 2016, and Defendant pleaded guilty as charged. Further, the sentencing transcript indicates that the trial court imposed Defendant's sentences in this case to run concurrent with his sentences in district court case numbers 16-6804 and 17-2694, but the UCO and the minute entry/commitment only mention that "each count" was to be served concurrently.
It has been the practice of this Court to remand a case for correction of the UCO in its error patent review when the UCO is inconsistent with the minute entry and transcript. State v. Long , 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142. Accordingly, we remand this matter for correction of the UCO error regarding the range of offense dates with respect to count one and the concurrent nature of Defendant's sentences in this instant matter and district court numbers 16-6804 and 17-2694. We further direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected *1267 UCO to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department. See State v. Kelly , 17-442 (La. App. 5 Cir. 2/21/18), 239 So.3d 432, 448.
DECREE
For the foregoing reasons, we affirm Defendant's sentences and convictions. We grant appellate counsel's motion to withdraw. We also remand this matter with instructions for correction of the UCO pursuant to the errors patent discussion above.
CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED FOR CORRECTION OF THE UNIFORM COMMITMENT ORDER

The bill of information alleged that Defendant had three prior convictions of possession of cocaine.

On the same date, Defendant also pleaded guilty to a misdemeanor charge of battery of a police officer in district court case number 17-2694 and misdemeanor possession of marijuana in district court case number 16-6804. Defendant did not seek review of these misdemeanor convictions or sentences; thus, those convictions will not be reviewed by this Court.

This Court has held that when the trial judge states that the defendant is sentenced to the "Department of Corrections," the sentence is necessarily at hard labor. State v. Jamison , 17-49 (La. App. 5 Cir. 5/17/17), 222 So.3d 908, 909 n.2.

The trial court additionally sentenced Defendant to a $500.00 fine on each count plus court costs. On November 29, 2017, the trial court issued a nunc pro tunc hard labor commitment removing the $500 fines on both counts. Also, the trial court recommended Defendant to drug treatment and any self-help programs suitable to him during his incarceration.

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

La. R.S. 14:130.1 does not set forth a mandatory minimum penalty. Rather, La. R.S. 14:130.1(B)(1) provides that the offender "shall be fined not more than one hundred thousand dollars, imprisoned for not more than forty years at hard labor, or both."

La. R.S. 14:95.1(B) provides that an offender "shall be imprisoned at hard labor for not less than ten years nor more than twenty years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars."

Absent specification of the specific adverse ruling, the Louisiana Supreme Court has held that an appellate court should presume that the Crosby reservation preserves review of those evidentiary rulings which go to the heart of the prosecution's case, such as the denial of a motion to suppress, and not rulings that may affect the conduct of the trial but do not substantially relate to guilt. State v. Joseph , 03-315 (La. 5/16/03), 847 So.2d 1196 (per curiam ); State v. Sierra , 11-161 (La. App. 5 Cir. 12/28/11), 83 So.3d 239, 244.