STATE OF LOUISIANA

VERSUS

TYREZ LEE

NO. 20-KA-110

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-1983
HONORABLE DANYELLE M. TAYLOR, DIVISION "O"
AND HONORABLE SCOTT U. SCHLEGEL, DIVISION "S"
PRESIDING JUDGES

November 04, 2020

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and John J. Molaison, Jr.

**CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR
CORRECTION OF ERROR PATENT; MOTION TO WITHDRAW
GRANTED**

    **RAC**

    **JGG**

    **JJM**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
        Honorable Paul D. Connick, Jr.
        Thomas J. Butler
        Andrea F. Long
        Blair C. Constant

COUNSEL FOR DEFENDANT/APPELLANT,
TYREZ LEE
        Bruce G. Whittaker

DEFENDANT/APPELLANT,
TYREZ LEE
        In Proper Person

**CHAISSON, J.**

Defendant, Tyrez Lee, appeals his conviction for possession with intent to distribute cocaine, as well as his multiple offender adjudication and enhanced sentence. For the reasons that follow, we affirm defendant's conviction, multiple offender adjudication, and enhanced sentence; however, we remand the matter for correction of an error patent as directed herein. We further grant appellate counsel's motion to withdraw as attorney of record for defendant.

## PROCEDURAL HISTORY

On April 13, 2018, the Jefferson Parish District Attorney filed a bill of information charging defendant with possession with intent to distribute cocaine weighing less than twenty-eight grams, in violation of La. R.S. 40:967(A). Defendant pled not guilty at his arraignment.

On June 14, 2018, defendant withdrew his plea of not guilty and, after being advised of his rights, pled guilty as charged. In accordance with the terms of the plea agreement, the trial court sentenced defendant to five years imprisonment in the Department of Corrections, suspended the sentence, and placed defendant on active probation for five years, contingent upon his completion of the Swift and Certain Probation Pilot Program. Pursuant to the terms of the plea bargain, the State agreed not to file a multiple offender bill of information against defendant at that time.

On January 7, 2019, the State, through the Department of Public Safety and Corrections, filed a "Motion and Order for Hearing to Revoke Probation," alleging that defendant violated the conditions of his probation by failing to pay a supervision fee and by failing to refrain from criminal conduct.[1]

---

[1] In the motion to revoke, the State specifically alleged that defendant was arrested by the Jefferson Parish Sheriff's Office on December 27, 2018, as a principal to second degree murder, attempted second degree murder, illegal use of a weapon, felon in possession of a firearm, and aggravated criminal damage to property.

On November 22, 2019, the State filed a bill of information, pursuant to the provisions of La. R.S. 15:529.1, seeking to have defendant adjudicated a second felony offender. On January 22, 2020, after being advised of his rights, defendant stipulated to the allegations in the multiple bill.[2] The trial court then vacated defendant's original sentence of five years imposed on June 14, 2018, and pursuant to the terms of the plea agreement on the multiple offender bill, resentenced defendant to eight years imprisonment at hard labor without benefit of probation or suspension of sentence.

Defendant thereafter filed two *pro se* motions to appeal on the basis of illegal sentencing, alleging that the State had agreed not to file a multiple offender bill against him when he entered his guilty plea to possession of cocaine on June 14, 2018. On February 6, 2020, the trial court granted defendant's motion for appeal.

On March 2, 2020, defendant filed a *pro se* motion to withdraw and/or set aside his guilty plea, in which he alleged that the State breached the June 14, 2018 plea agreement by filing a multiple offender bill of information against him. In addition, defendant asserted that he received ineffective assistance of counsel because his attorney induced and/or coerced him into pleading guilty to the multiple offender bill of information. On March 5, 2020, the trial court dismissed defendant's motion without prejudice, noting that it lacked jurisdiction to rule on this matter as defendant had already been granted an appeal.

## *ANDERS* BRIEF

Under the procedure adopted by this Court in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[3] appointed appellate counsel has

---

[2] Although the transcript from the multiple offender proceedings indicate that defendant's probation was revoked, the revocation proceedings are not contained in the appellate court record.

[3] In *Bradford*, *supra*, this Court adopted the procedures outlined in *State v. Benjamin*, 573 So.2d 528, 530-31 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in *State v. Mouton*, 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (*per curiam*).

filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), appointed counsel requests permission to withdraw as attorney of record for defendant.

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *State v. Bradford*, 676 So.2d at 1110.

In this case, defendant's appellate counsel has complied with the procedures for filing an *Anders* brief. He details the procedural history of the case and the circumstances surrounding defendant's guilty pleas and sentencing. He particularly notes that defendant's guilty pleas to the original and multiple offender bills of information were not constitutionally infirm because defendant was advised of and indicated that he understood the rights that would be waived by pleading guilty. Further, appellate counsel recognizes that defendant was not forced, coerced, or threatened to enter the guilty pleas, and that the sentences were imposed in conformity with the plea agreements.

Defendant's appellate counsel also addresses defendant's claim that the State breached the plea agreement by filing a multiple offender bill of information against him and concludes his argument has no merit. Specifically, appellate counsel notes that the record is clear that the State agreed to withhold the multiple

offender bill only if defendant successfully completed his probation program, which he did not. Defendant's appellate counsel concludes that after a thorough review of the record, he can find no non-frivolous issues to raise on appeal, and accordingly, he requests permission to withdraw as attorney of record for defendant.[4]

This Court has performed an independent, thorough review of the pleadings, minute entries, bills of information, and transcripts in the appellate record. Our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.

We particularly note that the record reveals no constitutional infirmities or irregularities in defendant's guilty plea to possession with intent to distribute cocaine. The transcript of the guilty plea proceeding and the acknowledgement and waiver of rights form show that defendant was aware of the nature of the charges against him, that he was properly advised of his *Boykin*[5] rights, including the right to a jury trial, the right to confrontation, and the privilege against self-incrimination, and that he understood he was waiving these rights by pleading guilty.

In addition, the record reflects that defendant was informed of the maximum sentence of ten years that could be imposed and of the actual sentence that would be imposed upon acceptance of his guilty plea.[6] Further, during the plea colloquy,

---

[4] In addition, defendant was notified of his right to file a *pro se* supplemental brief in this appeal by June 19, 2020. Defendant did not file a brief within that time frame; however, he filed a letter with this Court in late July, complaining that the uniform commitment order failed to reflect that his enhanced sentence was to be served concurrently with any and all sentences he was currently serving. See errors patent discussion.

[5] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

[6] La. C.Cr.P. art. 556.1(A)(1) provides that prior to accepting a guilty plea in a felony case, the court must first address the defendant and inform him of the nature of the charge, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. In the present case, the trial court failed to advise defendant of the one-year mandatory minimum penalty provided by law. However, the trial court's failure to inform defendant of the mandatory minimum sentence does not affect a substantial right and can be deemed harmless. La. C.Cr.P. art. 556.1(E). We particularly note that defendant was not prejudiced by the trial court's omission because he was advised through the waiver of rights form of the actual sentence he would receive, and he received that sentence. This Court has held

defendant confirmed that he had not been forced, coerced, or intimidated into entering his guilty plea. After its colloquy with defendant, the trial court accepted defendant's guilty plea as knowingly and voluntarily made.

With respect to the multiple offender proceedings, the record shows that defendant was likewise adequately advised of his rights. The waiver of rights form and the transcript indicate that defendant was advised of his right to a hearing at which the State would have to prove his multiple offender status and of his right to remain silent throughout the hearing. Defendant was also advised of the potential sentencing range as a second felony offender and the actual sentence he would receive as a result of his stipulation. Defendant indicated that he was satisfied with the way his attorney and the court handled his case, that he had not been forced or coerced into stipulating to the multiple offender bill, that he understood his rights and the legal consequences of pleading guilty to the multiple offender bill, and that he wished to plead guilty. The trial court thereafter accepted defendant's stipulation as knowingly, intelligently, freely, and voluntarily made.

Although we have found no constitutional infirmities or irregularities in defendant's guilty pleas to the original and multiple offender bills of information, we nonetheless feel compelled to address defendant's suggestion that the State breached its plea agreement with defendant by filing a multiple offender bill against him.[7] As noted by defendant's appellate counsel in his *Anders* brief, this claim has no merit. When defendant entered his guilty plea on June 14, 2018, the State agreed not to file a multiple offender bill of information against defendant on the possession with intent to distribute cocaine charge only if he complied with the conditions of his probation program. Defendant was clearly aware that the State's

that an advisement of the agreed upon sentence is sufficient for compliance with La. C.Cr.P. art. 556.1. *State v. Kent*, 15-323 (La. App. 5 Cir. 10/28/15), 178 So.3d 219, 229, *writ denied*, 15-2119 (La. 12/16/16), 211 So.3d 1165; *State v. Williams*, 18-137 (La. App. 5 Cir. 9/19/18), 254 So.3d 1260, 1264.

[7] We note that defendant does not raise this issue on appeal, but he did raise it in his motion to appeal and his motion to withdraw and/or set aside his guilty plea that were filed in the trial court.

agreement not to file a multiple offender bill depended on his compliance with the program. At the June 14, 2018 guilty plea proceeding, the trial judge specifically asked defendant if he understood that as long as he stayed in compliance with the Swift and Certain Probation Program no multiple bill would be filed against him. Defendant responded affirmatively. Pursuant to further questioning by the trial court, defendant also indicated that he reviewed the probation contract with his attorney and that he understood what was expected of him in the Swift and Certain Probation Program. In addition, defendant signed the probation contract, which provided that "the District Attorney reserves its right to file a habitual offender bill, if available, if the Participant fails to successfully complete the Swift & Certain Probation Pilot Program." The record reflects that defendant did not complete the program, permitting the State to file the multiple bill in accordance with the plea agreement.

With regard to sentencing, we note that defendant's enhanced sentence was imposed in accordance with the plea agreement, which was set forth in the record at the time of the plea. This Court has consistently recognized that La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. *State v. Robinson*, 15-661 (La. App. 5 Cir. 2/24/16), 186 So.3d 1269, 1272. In addition, defendant's enhanced sentence is within the sentencing range prescribed by the applicable statutes. *See* La. R.S. 40:967(B)(1); La. R.S. 15:529.1(A)(1).

Based on the foregoing, we find that defendant's guilty pleas to the original and multiple offender bills of information and the enhanced sentence imposed pursuant to the plea agreement do not present any non-frivolous issues for appeal.

## ERRORS PATENT REVIEW

Lastly, we have reviewed the record for errors patent in accordance with La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*,

20-KA-110                                            6

556 So.2d 175 (La. App. 5th Cir. 1990). Defendant, by a letter written to this Court, has brought one error to this Court's attention that requires correction.

Defendant asserts that the uniform commitment order fails to reflect that his sentence was to be served concurrently with other sentences he was currently serving, as directed by the trial court when sentencing defendant as a multiple offender. Defendant is correct in his assertion. Under Section "D" of the uniform commitment order, which relates to sentence conditions, there is a sentence that reads as follows: "This sentence shall be concurrent with any or every other sentence the offender is now serving." However, the "yes" block next to this sentence was not checked off to show this statement's applicability to defendant. In addition, the January 22, 2020 minute entry/commitment fails to reflect the concurrent nature of defendant's sentence. Since the trial court directed in the transcript that defendant's sentence was to run concurrently with any and all other sentences defendant was currently serving, we remand the matter to the trial court with instructions to correct the minute entry/commitment and the uniform commitment order to reflect the concurrent nature of defendant's sentence. We direct the Clerk of Court for the 24th Judicial District Court to transmit the corrected minute entry/commitment and the uniform commitment order to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and to the Department of Corrections' legal department. *See State v. Garcie*, 17-609 (La. App. 5 Cir. 4/11/18), 242 So.3d 1279, 1290.

**DECREE**

Because appellate counsel's brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, we affirm defendant's conviction, multiple offender adjudication, and enhanced sentence, and we remand the matter for correction of

an error patent as noted herein.  Further, we grant appellate counsel's motion to

withdraw as attorney of record for defendant.

**<u>CONVICTION AND SENTENCE
AFFIRMED; REMANDED FOR
CORRECTION OF ERROR PATENT;
MOTION TO WITHDRAW GRANTED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 4, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 20-KA-110

## E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DANYELLE M. TAYLOR (DISTRICT JUDGE)
HON. SCOTT U. SCHLEGEL (DISTRICT JUDGE)
ANDREA F. LONG (APPELLEE)          THOMAS J. BUTLER (APPELLEE)

## MAILED

BRUCE G. WHITTAKER (APPELLANT)
ATTORNEY AT LAW
LOUISIANA APPELLATE PROJECT
1215 PRYTANIA STREET
SUITE 332
NEW ORLEANS, LA 70130

TYREZ LEE #714600 (APPELLANT)
PLAQUEMINE PARISH DENTENTION
CENTER
110 PRISON ROAD
BRAITHWAITE, LA 70040

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
BLAIR C. CONSTANT (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053